## McGUIRE v. UNITED STATES.
### No. 9787.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 4, 1948.

Decided Oct. 26, 1948.

Mr. T. Emmett McKenzie, of Washington, D. C, for appellant.

Miss Naomi Wheeler, of Washington, D. C., also entered an appearance for appellant.

Mr. Ross O'Donoghue, Asst. U. S. Atty., of Washington, D. C., with whom Messrs. George Morris Fay, U. S. Atty. and Andrew F. Oehmann, Asst. U. S. Atty., both of Washington, D. C., were on the brief, for appellee.

Mr. Sidney S. Sachs, Asst. U. S. Atty., of Washington, D. C., also entered an appearance for appellee.

Before EDGERTON, CLARK, and WILBER K. MILLER, Circuit Judges.

CLARK, Circuit Judge.

This is an appeal from a judgment and conviction of appellant for manslaughter.

Several points are raised by the appellant. They have all been carefully considered by this court but since they seem completely and equally without merit in view of many decisions of this and other courts, we do not believe that there is any need for extensive discussion.

The first point raised by appellant as a ground for reversal is that he alleges that the trial court committed prejudicial error by questioning the defendant at some length as to various phases of his defense. We find no error in the trial court's examination. This court has very recently examined this exact question in the case of Griffin v. United States,[1] in which we

---

[1] 1947, 83 App.D.C. 20, 164 F.2d 903, 904.

carefully reviewed the authorities at length and many cases which we deemed controlling were cited.

In that case we said: "Whatever may be the law as to the right of a trial judge to examine the witnesses in the few state jurisdictions which appellant has cited in his brief, few rules are better settled, so far as the federal courts are concerned, than the right of a trial judge to make proper inquiry of any witness when he deems that the end of justice may be served thereby and for the purpose of making the case clear to the jurors.

\* \* \* \* \* \*

"There can be no question about the rule as to the right and duty of a federal court making proper inquiries of witnesses in any kind of a trial in order that the jury may have a proper understanding of the case." [2]

In that case this court quoted with approval the case of Budd v. United States[3] wherein it was held that the trial judge has a duty "'to see that the facts of the case are brought intelligibly to the attention of the jury, and to what extent he will intervene for this end is a matter of discretion.'"

And see also United States v. Breen et al.,[4] wherein it is said: "All too often, it seems, appellants like these become over-critical of a trial judge after conviction and on appeal seek to try him instead of the merits or demerits of their cause."

Incidentally, it may be said in passing that in the instant case, as in the Griffin case, the examination of the court tended more to benefit defendant than to hurt him since it afforded him an opportunity, if he had chosen to avail himself of it, of straightening out several glaring discrepancies in his testimony.

The allegation of appellant that the questioning by the trial court was improper because the court had formerly been the United States District Attorney we pass over as unworthy of discussion.

 It is next contended that the court committed reversible error by defining murder in the first degree and murder in the second degree as well as manslaughter. This was accompanied however by the distinct admonition to the jury that defendant could not be convicted of any greater offense than the one for which he had been indicted, namely, manslaughter. This instruction simply tended to relieve the jury from any confusion as to these offenses. The appellant's rights were perfectly protected by the court's specific instruction as to the only offense for which he could be convicted. We regard this ground of appeal as untenable.

Appellant next assigns as error the refusal of the court to grant the following instruction: "You are instructed that if you find a party has it peculiarly within his power to produce witnesses whose testimony would elucidate the transaction, the fact that he does not do it creates the presumption that the testimony, if produced would be unfavorable."

 This had reference to the fact that several witnesses had been supoenaed by the United States and were present but were not put upon the witness stand by the Government and for this appellant sought the instruction authorizing the jury to draw an adverse inference. The instruction was properly denied. There was not a scintilla of evidence to show that the witnesses were peculiarly within the power of the Government to produce. True they were under Government subpoena but there is nothing to show that they were not equally subject to subpoena by defendant or that defendant, if he deemed that their testimony would be favorable to him, could not have put them on the stand even though they were under subpoena by the Government. This indeed was done in the case of one witness, Rowell, the husband of deceased.

Moreover, there was no evidence to justify this instruction in that there was no showing whatever that the testimony of any of these witnesses would have tended to "elucidate the transaction." This must affirmatively appear from other evidence in the case and cannot be presumed.

---

[2] 164 F.2d at pages 904 and 905.
[3] 1919, 48 App.D.C. 332, 336.

[4] 2 Cir., 1938, 96 F.2d 782, 784.

or inferred from the mere fact that they were subpoenaed but not used.

It is customary and proper for either party to a suit to subpoena witnesses to cover every phase of a case which either probably or possibly will develop. It may then transpire that the phase upon which the witnesses were subpoenaed to testify did not develop or that the party who subpoenaed them considered that their testimony would be merely cumulative. For such reasons as this, or for many others, the party issuing the subpoenas has a perfect right to fail to use the witnesses without being subjected to any adverse inference therefrom provided the witnesses were equally accessible to the adverse party.

■ Finally, appellant complains as to the court's action in denying a motion for a directed verdict of acquittal. The rule in this jurisdiction has been recently stated by this court in Curley v. United States:

"The true rule, therefore, is that a trial judge, in passing upon a motion for directed verdict of acquittal, must determine whether upon the evidence, giving full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt."[5]

■ Authorities for this principle are too numerous and well recognized to require citation. Clearly in this case there was abundant evidence to justify the trial court in permitting the case to go to the jury.

Affirmed.

---

[5] 1947, 81 U.S.App.D.C. 389, 392, 160 F.2d 229, 232, certiorari denied 1947, 331 U.S. 837, 67 S.Ct. 1511.