## UNITED STATES v. HORTON.

### No. 9908.

United States Court of Appeals Seventh Circuit.

March 1, 1950.

Julius Lucius Echeles, Chicago, Ill., for appellant.

Otto Kerner, Jr., U. S. Attorney, James P. Piragine, Joseph E. Tobin, Asst. U. S. Dist. Attys., Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, and DUFFY and LINDLEY, Circuit Judges.

MAJOR, Chief Judge.

James LeRoy Horton (appellant) and Henry Lee Kile were jointly charged in an indictment of two counts. The first was predicated upon Sec. 2593(a), Title 26 U.S.C.A., and charged that on January 16, 1948 the defendants being "then and there the transferees required to pay the transfer tax imposed by Section 2590(a), Title 26, U.S.C., did then and there knowingly and wilfully acquire sixty-eight (68) ounces of marihuana without having paid the tax on the transfer of the said marihuana to them." The second was predicated upon Sec. 3234(a), Title 26 U.S.C.A., and charged that on the same date the defendants "being persons required to register and pay the special tax under the provisions of Sections 3230 and 3231, Title 26, U.S.C., then and there knowingly, wilfully, unlawfully and feloniously did sell, deal in, dispose of, and distribute marihuana without having so registered and paid the said tax." The defendant Horton was tried by a jury, and at the conclusion of the government's proof a motion for a directed verdict was allowed as to the first count. A similar motion as to the second count made both at the conclusion of the government's proof and at the conclusion of all the proof was denied. Upon the verdict of the jury finding Horton guilty, the court on May 6, 1949 entered its judgment from whence this appeal comes.

Numerous questions are raised on this appeal, among which are (1) that the defendant was entitled to a directed verdict as to the second count, and (2) in any event, the court committed reversible error in charging the jury that the defendant could be found guilty as an aider and abettor of some other person in the commission of the offense charged.

Both of these issues require a statement of the evidence most favorable to the government, and in making such statement we shall ignore the testimony of the defendant. On these issues the government must rely almost entirely upon the testimony of one Sidney Arkin, a government informer who, according to his testimony, after having visited Horton on several occasions had a conversation with him at his hotel on January 14, 1948, in regard to the purchase of marihuana. Horton told him to call back the next day. As a result of this conversation, Arkin called Horton on the telephone on two subsequent occasions, and on January 16, at Horton's request, went to the latter's hotel about 1:30 in the afternoon. At that time there was present in Horton's room Henry Kile (indicted as a co-defendant) and one Aaron Buchanan. Horton introduced Arkin to Kile and the latter, in Horton's presence, agreed to procure for Arkin ten pounds of marihuana at an agreed price of $750. Horton, Kile and Arkin on that evening met at Oakwood and Lake Park Avenue and proceeded by an automobile owned by Horton's employer and driven by Horton to 751 East 73d Street, where Kile got out of the car and entered a building. Horton

and Arkin remained in the car. In a short time Kile returned with a bag which contained marihuana and carried it to the car. There is no proof as to whom the marihuana was received from other than that he was a Mexican. Thereupon, the three parties in the car operated by Horton drove to 37th and Lake Park, where the car was parked. While Horton and Kile remained in the car Arkin left and entered a building. Shortly thereafter, agents of the Narcotic Bureau appeared upon the scene, arrested Horton and Kile, and found the marihuana in the street where it had been placed by Kile. Horton and Kile, in response to a question by one of the agents as to where the marihuana had come from, stated that they had gotten it over on 73d Street and that it was to be sold to Arkin.

Kile was not called as a government witness, but a statement signed by him after his arrest was admitted in evidence on the testimony of agents that Horton after a reading of the statement had said that it was correct. There is nothing in Kile's statement, however, which adds anything to the government's case as testified to by Arkin.

It was stipulated that Horton had not registered with the United States Treasury Department as a dealer in marihuana. There was no such stipulation or proof as to either Kile or Arkin.

Thus, the most unfavorable view of the proof against Horton is that he at the request of the government informer introduced the latter to Kile with whom the informer made an agreement for the purchase of marihuana, and that after this agreement was made with Kile, Horton drove the car with Arkin and Kile to the place where the latter had arranged to procure the marihuana and that after it was procured he drove the car back to the point where he and Kile were arrested. There is no proof that the officers had any reason to suspect Horton as a law violator either as an illegal dealer in marihuana or otherwise, no proof that he profited or expected to profit by his part in the transaction, and no proof that he handled or had the marihuana in his possession, unless possession by Kile while in the car driven by Horton be ascribed to the latter.

The statutory provision upon which the second count is predicated makes it unlawful for any person who has not registered and paid the tax as provided for thereby "to import, manufacture, produce, compound, sell, deal in, dispense, distribute, prescribe, administer, or give away marihuana". The question at once arises as to whether the evidence of Horton's activities brought him within any of the classifications thus stated. That this question perplexed the trial court is shown by his comment on the motion for a directed verdict. After reading the statute, the court stated: "He is not charged with 'produce, compound' he is not charged with that, but 'sell, deal in, dispense, distribute, prescribe, administer or give away.' He is discharged from having sold; there is no evidence of selling or dealing in. What about 'deal in'?" Further, the court after quoting from a textbook definition of what constitutes a dealer stated, "Well, I guess there is evidence that this defendant was negotiating or making terms; that is about the only wording that takes you in."

The sole contention of the government here on this phase of the case is that the proof shows that Horton "did deal in and distribute marihuana." The term "deal in" was not defined by Congress and we find little help from the authorities. In Taylor et al. v. United States, 8 Cir., 19 F.2d 813, an indictment which charged the defendants with being dealers in opium was challenged as not being sufficiently specific. In response to such contention the court stated, 19 F.2d at page 815: "It is not necessary to set out in the indictment how many sales were made to constitute one a dealer. It is sufficient if, at the trial, the fact that they had sold narcotics promiscuously, and were ready or willing to sell to any one who applied to purchase, if they were unaware that they were officers or undercover men." Under this reasoning Horton was not a dealer even though he had made a sale which, as the trial court stated, he did not.

A study of the statute upon which the second count is predicated is con-

vincing that it was intended to apply to persons in business and not to an isolated transaction. Importers, manufacturers, producers, compounders, sellers, dealers in, dispensers, etc., are all terms which connote something other than a person engaged in a single transaction, and it is to be noted that the section makes no reference to buyers, receivers, possessors or transferees of marihuana. As we shall subsequently note, persons thus characterized are covered by another provision of the statute (the provision upon which the first count was predicated).

This interpretation of Sec. 3234 is strongly supported by Secs. 3230 and 3231, which require the payment of a tax and registration by the class of persons designated in Sec. 3234. Sec. 3230 requires the payment of a tax by the designated class of persons "before engaging in any of the above-mentioned activities," and such tax is based upon annual periods or fractions thereof. The tax for importers, manufacturers and compounders is $24 per year, producers $1 per year, persons such as physicians and dentists $1 per year, persons engaged in research, etc., $1 per year, and any other person "who deals in, dispenses, or gives away marihuana," $3 per year. The section also provides that if a person is engaged in any of the enumerated activities at more than one place, such person "shall pay the tax with respect to each such place," and that in case the same person is engaged in more than one of the enumerated activities, "such person shall pay the tax for each such activity." Thus, the tax requirement being dependent upon the character of the business, including the number of business places and activities as well as the period of time it is to be conducted, it hardly seems likely that the section was intended to apply to a person engaged in a single transaction.

Of even greater significance, however, is Sec. 3231, which provides, "Any person subject to the tax imposed by section 3230 shall, upon payment of such tax, register his name or style and his place or places of business with the collector of the dis-

trict in which such place or places of business are located." Thus, under this provision a person paying the tax is required both to register his name and his place or places of business. It is hardly conceivable that such a requirement was made applicable to a person engaging in a single transaction.

More than that, Sec. 2593(a) is specifically applicable to a person who in any manner becomes the transferee in marihuana without having paid the tax thereby required. That section provides: "It shall be unlawful for any person who is a transferee required to pay the transfer tax imposed by section 2590(a) to acquire or otherwise obtain any marihuana without having paid such tax". Sec. 2590(a) provides: "There shall be levied, collected, and paid upon all transfers of marihuana which are required by section 2591 to be carried out in pursuance of written order forms taxes at the following rates * * *." The provision makes the transferee liable for such tax, but in the event it is not paid by the transferee liability is fixed upon the transferor and the tax required by that section is different from the one required by Sec. 3230.

■ The trial court in directing a verdict as to the first count of the indictment evidently thought, and if so we agree, that there was no proof that Horton received or had in his possession as transferee the marihuana in suit. In view of the construction which we place upon Sec. 3234(a), there was even a more compelling reason why there should have been a directed verdict as to the second count.

■ The government tried the case on the theory that Horton committed the offense charged jointly as principal; however, during the colloquy on the motion for a directed verdict, the court suggested for the first time that he might be convicted as an aider and abettor, and the court, over Horton's protest, instructed the jury that he might be found guilty if "he aided, abetted, counseled, commanded, procured or induced any other person or persons so to do." Of course, a defend-

ant may be tried and convicted as a principal upon proof that he aided and abetted the commission of a crime, but in the instant case the proof does not support a conviction on the accessory theory. As was said in Morgan v. United States, 10 Cir., 159 F.2d 85, 87: "One cannot aid and abet in the commission of a crime unless there is another who has committed the offense. In other words, one cannot be an aider and abettor of himself in the commission of an offense. Obviously, therefore, one cannot be found guilty under a charge of aiding and abetting in the commission of an offense unless there is satisfactory evidence not only of his participation but also that another for whom he was acting was connected with the offense." See also Von Patzoll v. United States, 10 Cir., 163 F.2d 216, 219; Beauchamp v. United States, 6 Cir., 154 F.2d 413, 415; Yenkichi Ito v. United States, 9 Cir., 64 F.2d 73, 75. If Horton was an accessory, then either Arkin or Kile must have been the principal and we assume it was the latter inasmuch as he was indicted with Horton. However, under our construction of Sec. 3234(a) there was no offense committed under that section by Kile or the informer in the purchase or receipt of the marihuana. But more than that, even if Sec. 3234(a) be held applicable, there was no proof that Kile or Arkin violated the section because it was not shown that they were not registered or that they had failed to pay the tax required by Secs. 3230 and 3231.[1]

The situation is no different than if Kile had been tried with Horton and there had been a failure of such proof as to Kile. Then there would have been a failure of proof as to the commission of an offense by Kile and consequently Horton could not have been convicted as an aider and abettor. Under the state of the record we think that the aider and abettor theory was without application and that the in-

struction that the jury might convict upon such a theory was erroneous.

The judgment appealed from is reversed and the cause remanded.

---

[1]. We do not mean to indicate that Kile was not guilty of the offenses charged; in fact, the record discloses in a colloquy between the court and counsel that Kile, subsequent to Horton's trial, entered a plea of guilty. The record does not disclose whether such plea was as to one or both of the offenses charged. The only point we make here is that there is no proof in the instant case that Kile committed any offense as principal and that under such a record there could be no conviction of Horton as an accessory.