**UNITED STATES v. BERNETT et al.**
Cr. No. 21646.

United States District Court
D. Maryland.
March 24, 1950.

Roy Mann, pro. per.

CHESNUT, District Judge.

In this case on May 17, 1949 the three named defendants were indicted by the Grand Jury for the District of Maryland on seven counts. The first count charged a violation of 18 U.S.C.A. § 2113(a) and (f) by taking by intimidation $2,868, more or less, on January 28, 1949, from named employees of the Occident Federal Savings and Loan Association; the second count charged larceny on January 28, 1949 of the same amount from the said Association, 18 U.S.C.A. § 2113(b) and (f), and the third count that in committing the said offenses the defendants on January 28, 1949 used dangerous weapons, put in jeopardy the lives of James E. Turner and Rena Armiger, employees of the Occident Federal Savings and Loan Association. 18 U.S.C.A. § 2113(d) (f).

The fourth and fifth and sixth counts charged respectively similar violations of 18 U.S.C.A. § 2113(a) (b) and (d) in the amount of $31,715, more or less, from the branch office of the Union Trust Company of Maryland, a member of the Federal Reserve System.

The seventh count charged a violation of 18 U.S.C.A § 2314 by knowingly transporting in interstate commerce on or about February 15, 1949 from Baltimore in the District of Maryland to Front Royal, in the State of Virginia, money in the amount of $31,715 which had been stolen from the said Union Trust Company of Maryland. 18 U.S.C.A. § 2113(d) provides: "Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both."

The defendants were tried jointly and all were represented by competent and experienced counsel. After a general verdict of guilty by a jury they were on June 3, 1949 each sentenced as follows: "Committed to the custody of the Attorney General of the

Bernard J. Flynn, United States Attorney, Baltimore, Md., for United States.

United States for imprisonment for a period of 15 years and to pay a fine of five thousand dollars on the 1st, 2d and 3d counts of the indictment as a group, and for a period of 20 years and to pay a fine of ten thousand dollars on the 4th, 5th and 6th counts of said indictment as a group; terms of imprisonment as to the 1st, 2d, and third counts and as to the 4th, 5th and 6th counts to run consecutively and fines to be cumulative; that is that the term of imprisonment be for thirty-five years and fines to be fifteen thousand dollars; and that he be imprisoned for 5 years on the 7th count of the indictment and pay a fine of one dollar; all fines to be *cumulative*, and that he be further committed in default of payment thereof; sentence on the 7th count as to imprisonment to run *concurrently* with sentence imposed on the 1st, 2d and 3d counts of the indictment, and that the defendant pay the costs of the case."

No motion for a new trial and no appeal was filed by any of the three defendants.

On March 8, 1950 one of the defendants, Roy L. Mann, has filed two petitions in this court in the case, one to vacate and set aside or correct the sentence in the case on the ground that the court was without jurisdiction, and that the sentence constituted double jeopardy. The other petition requests leave to proceed in forma pauperis and that the court pass an order requiring the court reporter to furnish the petitioner with an official certified transcript of the testimony and proceedings had in the case.

The United States, by Bernard J. Flynn, the United States Attorney for this District, has filed an answer to said petitions opposing the relief requested.

■■■ In consideration of the petition and answer and based on familiarity with the whole of the case as it developed in this court, having been the trial Judge in the case, I have concluded that the petition to vacate the judgment should be and is hereby *denied* because, in my opinion the files and records of the case conclusively show that the prisoner is entitled to no relief. I further find that the judgment was not rendered without jurisdiction; and the sentence imposed was authorized by law and is not now open to collateral attack, that there has been no denial or infringement of the constitutional rights of the prisoner such as to render the judgment vulnerable or open to collateral attack. I further find that the disposition of the motion can be properly determined without requiring the production of the prisoner at the hearing.

■■ The motion to proceed in forma pauperis supported by the petitioner's affidavit is hereby *granted;* but the motion to require the reporter to furnish a transcript of the testimony and proceedings in the case be and the same is hereby denied for one reason because the request is not made with respect to the prosecution of an appeal; nor does the court in the exercise of its judgment and discretion consider that the nature of the case either requires or justifies the expense of furnishing such a transcript to be paid by the United States at this time.