**MARTIN v. UNITED STATES.**

No. 14542.

United States Court of Appeals
Eighth Circuit.

Oct. 28, 1952.

J. Kehlor Carr, Jr., Clayton, Mo. (appointed by the Court) for appellant. Appellant filed a brief pro se in addition to the brief filed by his counsel.

Hugh A. Miner, Asst. U. S. Atty., Kansas City, Mo. (Sam M. Wear, U. S. Atty., Kansas City, Mo., on the brief), for appellee.

Before SANBORN, JOHNSEN, and RIDDICK, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from an order of the District Court entered December 12, 1951, denying a motion of the defendant (appellant) under § 2255, Title 28 U.S.C.A., for the vacation of a sentence of ten years' imprisonment. The sentence was imposed on April 10, 1947, based upon the defendant's plea of guilty to an indictment in four counts charging him and two others jointly with the forgery of certain United States Treasury checks and with uttering and publishing such checks, in violation of § 73 [now § 495], Title 18 U.S.C.A. The defendant's sentence was to commence upon the expiration of a sentence he was then serving in the Missouri State Penitentiary.

The grounds upon which the defendant's motion to vacate sentence was based were, in substance, that at the time he was arraigned and his plea of guilty entered, he was not effectively represented by counsel; that he did not competently or voluntarily waive his right to the appointment of counsel; and that he was not fully advised of and did not understand his legal right to have counsel appointed for him by the court.

The court denied the motion to vacate sentence, upon the ground that it had previously considered a similar motion filed by the defendant on October 16, 1947, which was denied on November 6, 1947, and was therefore not required "to entertain a second or successive motion for similar relief on behalf of the same prisoner" under § 2255.

The previous motion of the defendant was based upon the erroneous theory that the Federal District Court was without jurisdiction to sentence him because he was then in State custody. The motion was filed and was denied prior to September 1, 1948, the date when § 2255 first became effective. No denial of any constitutional right was asserted in this prior motion. The fact that the motion was denied would not at the time of its denial

have precluded a second collateral attack upon the judgment, based upon constitutional grounds.

■ We think the sole question for determination on this appeal is whether the defendant was entitled to a hearing upon his last motion. If the record conclusively shows that the defendant was entitled to no relief, it would be futile to accord him a hearing, even though the court gave a wrong reason for its order denying the motion.

Section 2255 provides that "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." See and compare, Taylor v. United States, 10 Cir., 193 F.2d 411, 412; Michener v. United States, 8 Cir., 177 F.2d 422, 423–424; United States v. Hayman, 342 U.S. 205, 223, 72 S.Ct. 263.

The record shows that the defendant Martin and his two codefendants were arraigned on the morning of April 10, 1947; that none of them was represented by counsel; and that the Government was represented by Thomas A. Costolow, an Assistant United States Attorney. So far as pertinent, the record shows that the following proceedings were had:

"The Court: United States versus Martin, Welch and Chrestensen.

"Mr. Costolow: I might explain for you that the indictment charges forgery of certain government checks and the passing of them is the nature of the charge. Do either of you have attorneys or do you want to be represented by attorneys?

"Defendant Martin: They brought me from the penitentiary this morning, and I haven't had time to contact my people. I wish to get them.

"Mr. Costolow: Have you a lawyer in mind that you have undertaken to employ?

"Defendant Martin: Yes, sir, I have.

"Mr. Costolow: You have made some arrangements?

"Defendant Martin: Not anyone directly but through my mother. I wrote to her and explained the situation to her with the understanding that as soon as I came here to be tried they would contact a lawyer for me.

"Mr. Costolow: You certainly should have an opportunity to do that. This is a new indictment, isn't it?

"Defendant Martin: Yes, sir.

"Mr. Costolow: You were brought here this morning from the Missouri penitentiary?

"Defendant Martin: Yes, sir.

"The Court: Serving time for another theft?

"Defendant Martin: Three years for car theft.

\* \* \* \* \* \*

"The Court: This seems to be a forgery charge.

"Mr. Costolow: Yes, sir.

"The Court: Not connected with the sentence you are serving time for in the penitentiary?

"Defendant Martin: No, sir, it isn't.

"The Court: How long would it probably require for you to make your arrangements with your lawyer?

"Defendant Martin: That would depend, Your Honor, upon how soon I could make contact with him due to the telephone strike.

"The Court: Do any of the other defendants desire counsel?

"Defendant Chrestensen: No.

\* \* \* \* \* \*

"The Court: And you, Miss Welch, do you desire counsel?

"Defendant Welch: No, sir.

"The Court: Do both of you desire that your case be disposed of this morning?

"Defendant Chrestensen: I would like for mine to.

"The Court: Do you, Miss Welch?

"Defendant Welch: I am not particular. It doesn't matter.

"The Court: Do both of you understand the charge? You had better have Mr. Costolow explain it anyway.

"Mr. Costolow: As a preliminary, may I suggest, Your Honor, that as long as Mr. Martin wants some time, Mr. Chrestensen had entered a plea of guilty to a similar charge in Judge Ridge's court and received fifteen years' sentence. If he enters a plea here—the same is true if he entered a plea here, we would ask that the sentence be deferred until Mr. Martin's case is disposed of. As to Miss Welch, if she desires to enter a plea we would also ask her sentence be deferred too. However, they can enter whatever plea they want to to the indictment. I will be glad, too, for them—as to the indictment, it is in two counts, rather it is in four counts, involving two checks. The first count charges forgery of the endorsement of Mrs. Edna Ruth Osborn, the payee of the check, on a certain government check, in the sum of $50.00, dated September 1, 1945. The second count of the indictment charges the cashing of that and uttering of it. Count three charges the forgery of the endorsement on a check, government check, dated September 1, 1945, payable to Martha Louise Faler and in the sum of $50.00. Count four charges the uttering and publishing of the check, cashing of it. Mr. Chrestensen, how do you plead to those counts?

"Defendant Chrestensen: I plead guilty.

"Mr. Costolow: And, Miss Welch?

"Defendant Welch: Guilty.

"Mr. Costolow: And, Mr. Martin, I understand you desire not to enter a plea either way now until you have consulted counsel, is that right?

"Defendant Martin: Well, you understand the circumstances are this. I would like to contact my lawyer for legal advice. It isn't that I have definitely made up my mind either way which plea I will enter.

"The Court: The plea of the defendants Welch and Chrestensen will be noted. Are these defendants in custody?

"Mr. Costolow: Mr. Chrestensen is and Miss Welch is on bond, I believe, and it satisfactory to us that she be continued on that bond without any further change in it if it is satisfactory with the court.

"The Court: Mr. Martin is in custody, too?

"Mr. Costolow: Mr. Martin is in custody at the Missouri penitentiary and Mr. Chrestensen is in custody on his plea entered before Judge Ridge on Monday.

"The Court: You live here in town, Miss Welch?

"Defendant Welch: Yes, sir.

"The Court: No inconvenience particularly for you to come back.

"Defendant Welch: Except my job is all.

"The Court: I see.

"Defendant Martin: Your Honor, if I may make this suggestion, due to the telephone strike and so forth, it would be somewhat difficult to contact my people and make a direct contact through my lawyer. Perhaps we might be able to settle this all this afternoon if it is possible.

"The Court: I don't know who your lawyer is. I don't know whether you can do it or not. I will be glad to pass it until two o'clock.

"Defendant Martin: I wish to make a plea of guilty then.

"The Court: If it can be done at two o'clock, then very well. It may save everyone the inconvenience of coming back here. If it can't, it is still very well. We can defer the matter until later, so we will pass this. Does that inconvenience you?

"Mr. Costolow: Not at all.

"The Court: Pass this case then until two o'clock this afternoon.

"Whereupon, the further hearing of said case was continued until two o'clock p. m. of said April 10, 1947."

In the afternoon of April 10, 1947, all three defendants were again brought before the court. The record with respect to the defendant Martin shows the following:

"The Court: Are you ready to take this up now?

"Mr. Costolow: Pleas of guilty by all.

"The Court: Plea of guilty by Fred Clifford Martin has been formally noted, has it?

"Defendant Martin: Yes."

Mr. Costolow then advised the court of the facts and the evidence upon which the charges contained in the indictment were based, which, if true, clearly established the guilt of all of the defendants of the offenses charged against them. Each defendant was asked by the court if he had anything to say before sentence was pronounced. The defendant Martin said: "Yes, your Honor, due to the fact I am now serving time in the Missouri State Penitentiary and only have approximately six months to go before the time is finished there at the penitentiary, I request leniency." Sentence was then pronounced.

The only basis for a ruling that the record does not conclusively show that the defendant was entitled to no relief is that he was not specifically informed by the court that if he desired the advice and assistance of counsel and was unable to procure counsel, the court would appoint counsel for him.

While we have grave doubts that the defendant is legally entitled to a hearing on his motion, since the record seems to indicate that he intentionally waived his right to have the advice and assistance of counsel and that his plea was voluntary, we think that the proper course for the District Court to pursue, under all the circumstances, is to grant the defendant a hearing on his motion, require his presence, take his testimony and all other pertinent evidence, determine the issues, and make findings of fact and conclusions of law.

The order denying the defendant's motion to set aside his sentence is vacated, and the case is remanded for further proceedings in conformity with this opinion.