**UNITED STATES v. NYSTROM et al.**
**Cr. Nos. 13662, 13665.**

United States District Court
W. D. Pennsylvania.
Oct. 21, 1953.

Oliver O. Dibble, Washington, D. C., for United States.

Charles J. Margiotti, H. Turner Frost, Pittsburgh, Pa., for defendants.

GOURLEY, Chief Judge.

In this criminal proceeding, defendants were convicted by a jury on twenty counts of misapplication of bank funds and conspiracy to misapply bank funds.

At the close of the Government's case, each of the defendants submitted to the court a motion for judgment of acquittal which was refused. The defendants proceeded to offer evidence, and again filed motion for judgment of acquittal at the close of all the evidence in the case, upon which decision was reserved, pursuant to Rule 29(b) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., until after the verdict of the jury was returned.

The defendants were jointly indicted and tried on thirty-four counts of three separate indictments for misapplication of bank funds in violation of Title 18, Sec. 656, U.S.C.A., and for conspiracy to misapply funds of the Union National Bank at McKeesport, Pennsylvania, over a three year period from January 1948 to December 1950, by making fictitious deposits to the regular and special accounts of Kennedy and by paying Kennedy's checks from funds of the bank when Kennedy did not have a sufficient credit balance to cover and pay said checks.

Indictment No. 13662 originally contained twenty-two counts and related to alleged fictitious deposit slips. Upon motion of defendants, judgment of acquittal was entered as to Counts 2, 16 and 22, while judgment of acquittal as to Counts 1, 3 to 15, and 17 to 21, inclusive, was refused.

Indictment No. 13664 charged defendants with misapplying bank funds by paying Kennedy's payroll checks from funds of the Union National Bank when Kennedy did not have a sufficient credit balance to cover and pay said checks. In connection with Indictment No. 13664, the Court entered judgment of acquittal on all counts.

Indictment No. 13665 charged the defendants with five substantive counts and one conspiracy count of misapplying bank funds by honoring NSF checks and making fictitious deposit slips. On motion of defendants, judgment of acquittal was granted as to Counts 1 to 5, inclusive, while that part of motion of acquittal relating to Count 6 characterized as fictitious deposit conspiracy and the four overt acts set forth therein were refused.

The jury returned a verdict of guilty as to both defendants on the nineteen substantive counts and the one conspiracy count.

The motions of each defendant under both criminal actions are similar. The reasons set forth therein, inter alia, are that there was not sufficient evidence to warrant a conviction on any or all counts; that the Government failed to prove any

criminal intent; that the Government failed to establish the guilt of the defendants beyond a reasonable doubt; that the Government failed to establish evidence which is not as consistent with the hypothesis of innocence as with the hypothesis of guilt.

■ The Court, in passing on a motion for judgment of acquittal, must determine whether upon the evidence, giving full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt. Curley v. United States, 81 U.S.App.D.C. 389, 160 F.2d 229, certiorari denied 331 U.S. 837, 67 S.Ct. 1511, 91 L.Ed. 1850; McGuire v. United States, 84 U.S.App. D.C. 64, 171 F.2d 136.

■ In doing this the Court must assume the truth of the Government's evidence and give the Government the benefit of all legitimate inferences to be drawn therefrom. Kowalchuk v. United States, 6 Cir., 176 F.2d 873; Garber v. United States, 6 Cir., 145 F.2d 966; Coppersmith v. United States, 4 Cir., 176 F. 2d 353; United States v. Horton, 7 Cir., 180 F.2d 427.

The Government's theory of the case: Kennedy, a businessman and customer of the Union National Bank, aided and abetted Nystrom, a teller, and both conspired over a three year period (January 1948 to December 1950) to misapply bank funds of the Union National Bank by making falsified deposit tickets in whole or in part to Kennedy's regular and special accounts in the Union National Bank for the purpose of padding those accounts; that in making the falsified deposits, Kennedy and Nystrom misapplied the bank funds with intent to injure and defraud the bank; that because of the pending merger and expected audit of the Union National Bank and Peoples Bank (the merger occurred on February 24, 1951), with the knowledge and consent of Kennedy, Nystrom staged a fraudulent or fake holdup to cover up an existing shortage.

The defense rests its argument primarily on the thesis that the government resorted to testimony of a circumstantial nature, and failed to develop by direct evidence the existence of a bank shortage at any time during the period laid in the indictments.

The Government showed that an alleged holdup was staged shortly prior to the merger of the Union National Bank and Peoples Bank, under most unusual circumstances of stealth and secrecy, so that only Nystrom and Kennedy had knowledge of its happening; that numerous deposit slips were deposited with amounts subsequently added thereto in handwriting other than Kennedy; that numerous of the deposits credited Kennedy at the Union National Bank were not reflected in Kennedy's personal records; that Nystrom occasionally assisted Kennedy in the preparation of his private business accounts; that deposits of certain amounts were made when Kennedy allegedly did not have sufficient money on hand to make deposits in the amounts indicated.

■ No burden reposes upon the government to show final permanent loss to the bank. A momentary loss is sufficient. United States v. Matsinger, 3 Cir., 191 F.2d 1014.

I can appreciate how a jury apprized of all the facts and circumstances of the Government case could reasonably infer that even though not discovered during the period laid in the indictment, an actual shortage did exist at the Union National Bank at McKeesport.

True enough, each circumstantial fact, isolated from the others, in and of itself, would not establish the offenses charged. But looked upon as a composite picture, the numerous parts combine and merge with striking regularity and symmetry into the completed portrait.

We are well aware that a conspiracy is rarely done in the open or in the presence of disinterested persons. Thus, if conspiracies are to be established at all, it is frequently necessary that their ex-

503

istence be shown by other than direct evidence.

█ Cognizant of the prerogative of the jury to resolve issues of credibility, assuming the truth of Government's evidence, and giving the Government the benefit of all legitimate inferences to be drawn therefrom, it is my conclusive judgment that sufficient evidence was adduced for submission of this case to a jury for its determination, and the verdict of guilty as to each count must be sustained.

#### Petition for Transcript in Forma Pauperis

This matter relates to motion of Hildur L. Nystrom, a party defendant in the present criminal proceeding, to require the reporter to furnish a transcript of the testimony and proceedings in forma pauperis in order to make preparation for argument on motion for new trial before this member of the court. These proceedings, encompassing a period of fifty-six days of trial, interspersed with numerous side bar conferences and related discussions, comprise a record in excess of one million words, or ten thousand pages. A conservative estimate of the cost is in the realm of $5,000 to $7,000.

It is to be noted that as trial judge I have lived this case with considerable intensity, and am most familiar with its details and factual data. All matters of disputation, during the course of trial, have been most exhaustively and ably argued by defense and government counsel, and my rulings relative thereto have been based upon thorough research and calculated deliberation.

In view of the recollection which I feel that I command of these proceedings, and the thorough-going manner in which testimony has been reviewed by counsel in connection with the many arguments which have arisen during trial, it is my judgment that the nature of this case neither requires nor justifies the expense of furnishing such a transcript to be paid by the United States at this time. United States v. Bernett, 92 F.Supp. 26, affirmed, 4 Cir., 183 F.2d 1024.

Furthermore, the present request is not made with respect to the prosecution of an appeal as required by statute. 28 U.S.C.A. § 753.