**UNITED STATES of America**

**v.**

**Jerome A. STEVENS, Appellant.**

**No. 11519.**

United States Court of Appeals
Third Circuit.

Submitted May 20, 1955.

Decided Aug. 4, 1955.

Jerome A. Stevens, pro se.

Raymond Del Tufo, Jr., U. S. Atty., Newark, N. J., for appellee.

Before McLAUGHLIN, KALODNER and STALEY, Circuit Judges.

KALODNER, Circuit Judge.

Two relatively simple issues are presented for our determination but their disposition inescapably entails the tedious unravelling of a tangled skein of procedure both in the court below and here.

It appears that on May 14, 1954, the appellant, Jerome A. Stevens, following a jury verdict of guilty, was sentenced by the United States District Court for the District of New Jersey to imprisonment for twenty-five years on two counts of an indictment charging bank robbery, based on 18 U.S.C. § 2113(a, d). Stevens had been represented at his trial by a court-appointed attorney, William D. McGlynn, Esq.

Subsequent to his sentencing, Stevens pro se, on August 23, 1954, filed an "Affidavit in forma pauperis, in support of Motion requesting Authorization for records * * * to be furnished without cost." The "records" sought included a transcript of the trial.

On September 8, 1954, before disposition of this motion, Joseph F. Walsh, Esq. (who apparently had been designated by the District Court as Stevens' counsel in place of McGlynn), filed "Notice of Motion" stating that he would, on September 27th, move the court for the setting of a date to hear a motion to vacate and set aside Stevens' sentence, under 28 U.S.C. § 2255.

On September 20th, Stevens interposed another "Motion and Supporting Affidavit to Furnish Defendant Certain Records at Expense of the United States" stating therein that he required the trial transcript in order to prepare and file a motion to vacate sentence. In this paper Stevens stated that his motion to vacate would be based on these contentions: he had not been adequately represented by his court-appointed trial counsel; he had not been properly arraigned; he had not been present at every stage of the proceeding, etc. etc.

On October 11th, Stevens filed "Notice of Election to Act as Own Attorney, etc."

In it he stated that he had notified Walsh that he did not desire to have him as his counsel; that he had not been notified by the Court that it had appointed Walsh to act as his counsel; that he repudiated Walsh's representation and particularly Walsh's "Notice of Motion" (to vacate sentence) of September 8th.

The docket of the District Court discloses that on October 25th there was "Hearing on motion to vacate sentence. Ordered Mr. Walsh relieved of his assignment as counsel, Decision reserved." The docket further discloses that on October 27th the District Court "Ordered minutes of 10-25-54 amended to reflect that only proceeding before the Court on that date was application by Joseph F. Walsh to be relieved as counsel for defendant, which application was granted."

On October 28th, the District Court filed "Opinion and Order" which purported to dispose of a motion by Stevens to vacate sentence and another motion for a transcript of the record without cost.

On November 15, 1954, Stevens filed "Motion to Amend Order of October 28, 1954" asserting that the court had "erroneously" stated therein that he had filed a motion to vacate sentence and, declaring that the only motion before the court has been his motion for a transcript of the record without cost.

On November 17, 1954, the District Court filed "Memorandum and Order" specifically "denying the application of the defendant * * * for a copy of the transcript of the record of his trial, at the expense of the United States." The Court however, made no disposition of Stevens' application to amend its Order of October 28th by striking from it all reference to a motion to vacate sentence.

This was the posture of the record below when, on December 10th the District Court ordered that leave be granted to Stevens "to file a notice of appeal from the orders of October 28th, 1954 and November 17th, 1954" without payment of costs. On the same day the Deputy Clerk of the District Court filed "Notice

of Appeal" from the Orders of October 28th and November 17th, of his own accord, as a protective measure.

To add filip to this situation, Stevens on December 20th filed his own "Notice of Appeal" limiting it to the District Court's order of November 17th, which related only to the denial of his request for a trial transcript, and further, on December 28th, Stevens filed "Motion to Amend Notice of Appeal filed December 10, 1954, etc." (the Deputy Clerk's Appeal) by deleting that part of the Notice relating to the Order of October 28th which had denied motion to vacate sentence.

On January 3rd, 1955, the District Court entered an order denying Stevens' "Motion to Amend Notice of Appeal filed December 10th."

First, as to the denial of the motion for a transcript of the trial:

The District Court premised its denial of this motion, in its October 28th "Opinion and Order" (unreported), on the limited ground that "nothing in the applicant's moving papers indicates the necessity for same."

This premise, however, falls of its own weight because Stevens had urged several grounds for relief whose existence or non-existence could have been established only by the transcript of the record—such as failure of his counsel to object to a "patently erroneous charge"—and the record transmitted to this court fails to demonstrate that a transcript was ever made of the trial proceedings.

While the District Court did not do so we must, however, direct our consideration to the fundamental question as to whether statutory authority exists for the furnishing of a transcript at government expense under the circumstances here presented.

The relevant statutory provision is 28 U.S.C. 753(f) which provides:

"* * * Fees for transcripts furnished in criminal or habeas corpus proceedings to persons allowed to sue, defend, or *appeal* in forma pauperis shall be paid by the United States out of money appropriated for that purpose." (Emphasis supplied.)

We are of the opinion that the language of section 753(f) makes it clear that a transcript may be furnished at government expense to one authorized to appeal in forma pauperis only with respect to the proceedings involved in the judgment or order appealed from. In other words, the government is authorized to pay for a transcript only to prosecute an appeal in forma pauperis from a proceeding of which the transcript is a record. Stevens has moved for a transcript for the purpose, not of making an appeal, but of instituting a collateral attack.

It is clear that under section 753(f) a transcript of Stevens' original trial could have been furnished him at government expense for the purpose of taking an appeal to this court from his conviction, if he had been authorized to take the appeal in forma pauperis. It is equally clear that a motion under section 2255, being a collateral attack, is the beginning of an new proceeding, Bruno v. United States, 1950, 86 U.S.App.D.C. 118, 180 F.2d 393, and see United States v. Hayman, 1952, 342 U.S. 205, 222, 72 S.Ct. 263, 96 L.Ed. 232, and therefore a transcript of the trial may not be obtained at government expense for the purpose of its preparation.

28 U.S.C. § 1915(b) prior to October 31, 1951, contained a provision similar to but not identical with that of section 753(f) authorizing the court to direct that a transcript of the testimony be furnished at the expense of the United States to a litigant allowed to proceed in forma pauperis. By the Act of October 31, 1951, 65 Stat. 727, this particular provision was deleted from section 1915(b). The cases under the subsection as it originally stood are therefore no longer authoritative but they nonetheless are persuasive in support of the government's position. United States v. Carter, D.C. D.C.1950, 88 F.Supp. 88; United States v. Bernett, D.C.Md.1950, 92 F.Supp. 26, affirmed per curiam without discussion

of this point, 4 Cir., 1950, 183 F.2d 1024; Cohen v. United States, D.C.E.D.Mich. 1954, 123 F.Supp. 717; and see United States v. Nystrom, D.C.W.D.Pa.1953, 115 F.Supp. 500, 503. We conclude that no statutory authority exists for the preparation of a transcript at the expense of the United States in this case.

■ Coming now to the mooted "motion to vacate sentence";[1] Section 2255 provides:

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."

The District Court premised its denial of this motion on the ground "The motion, files and records of the case render a hearing unnecessary and indicate conclusively that the defendant is not entitled to the relief for which he prays in his moving papers".

The "motions, files and records" available here, far from showing conclusively that Stevens is entitled to no relief, are not in any way informative on the issues raised by Stevens. The District Court apparently did not make use of the provisions of 28 U.S.C. 753(b) allowing the District Judge to require the official reporter to transcribe his notes and deliver them to him. And even had this course been pursued the case could not have been disposed of without a hearing because the transcript could not have supplied any information on many of Stevens' contentions. It was error, therefore, not to provide a hearing as set out in Section 2255. James v. United States, 5 Cir., 1949, 175 F.2d 769; Davis v. United States, 8 Cir., 1954, 210

F.2d 118, 122; Martin v. United States, 8 Cir., 1952, 199 F.2d 279.

For the reasons stated the order of November 17, 1954 will be affirmed; the order of October 28, 1954 insofar as it relates to the denial of the motion to vacate sentence will be reversed and the cause remanded with directions to proceed in accordance with this opinion.

---

1. In the interest of justice and to "clear the decks" we deem it desirable and necessary to deal with the District Court's denial of the motion to vacate although Stevens did not, in the appeal which he filed pro se, advert to such denial.