**UNITED STATES of America,**
**Plaintiff,**

v.

**Sidney L. BRENNAN, Eugene J. Williams aka Gene Williams, Jack J. Jorgensen, Gerald P. Connelly aka Jerry Connelly, James W. Moore, and Archer-Daniels-Midland Company, a corporation, Defendants.**

**Crim. No. 8658.**

United States District Court
D. Minnesota, Fourth Division.

Feb. 1, 1956.

George MacKinnon, U. S. Atty., St. Paul, Minn., for the Government.

Elmer J. Ryan, St. Paul, Minn., and Edward Williams, Washington, D. C., for defendant Brennan.

Irving Nemerov, Minneapolis, Minn., for defendant Connelly.

Melvin Siegal, Benedict Deinard, Minneapolis, Minn., for defendant Williams.

Thomas Kachelmacher, Minneapolis, Minn., for defendant Jorgensen.

Pierce Butler, Richard Leonard, St. Paul, Minn., for defendant Archer-Daniels-Midland Co.

John Benson, Minneapolis, Minn., for defendant Moore.

DEVITT, District Judge.

All of the defendants move for arrest of judgment, for acquittal, and/or for a new trial after conviction of violation of the Taft-Hartley Law, 29 U.S.C.A. §

186(a), (b) and (d), which makes it unlawful for an employer to pay money to a representative of his employees and for the employees' representative to receive such money.

By their motions and supporting memoranda, the defendants recite some 170 alleged errors committed by the Court in its rulings at the trial and upon pre-trial motions.

The motions for arrest of judgment, under Federal Rules of Criminal Procedure, Rule 34, 18 U.S.C.A., are made on the alleged ground that the indictment does not charge an offense. All the defendants urge that the defendants Brennan, Williams and Jorgensen were not "representatives" within the meaning of the law prohibiting the payment to, or receipt of money by, them and hence could not be convicted of a violation of that law.

In ruling on the pre-trial motions, the Court held against this contention. United States v. Brennan, D.C., 134 F.Supp. 42. I am still of the same mind, but the Supreme Court of the United States will pass on this exact question, probably at this term, in the case of United States v. Ryan, 350 U.S. 860, 76 S.Ct. 103, an appeal from the Second Circuit decision reported in 2 Cir., 225 F.2d 417.

■■ The motions for judgment of acquittal, under Criminal Rule 29, are made on the ground that there was no substantial evidence to support the verdicts. I think there was substantial evidence. It would be supererogatory to relate the evidence in any detail. It is sufficient to state that in three weeks of trial, the testimony of 58 witnesses and the evidence embodied in 55 exhibits would clearly justify the conclusion, beyond a reasonable doubt, that the defendants were each guilty as charged. Highlighting the Government's case was evidence from defendant Archer-Daniels-Midland's own books reflecting the $5,000 payment to the intermediary, George Rutman; evidence from a Chicago bank showing the deposit of the $5,000 in the account of a fictitious sales organization; and evidence in the form of cancelled checks reflecting the payment of proportional parts of most of the $5,000 to Brennan, Williams, Jorgensen and Connelly. The trial court must view the evidence and the inferences to be drawn therefrom most favorably to the prosecution. United States v. Horton, 7 Cir., 1950, 180 F.2d 427; Kowalchuck v. United States, 6 Cir., 1949, 176 F.2d 873.

I may not grant a motion for acquittal where a reasonable mind may find guilt has been proved beyond a reasonable doubt. Curley v. United States, 1947, 81 U.S.App.D.C. 389, 160 F.2d 229, certiorari denied 331 U.S. 837, 67 S.Ct. 1511, 91 L.Ed. 1872. 4 Barron, Federal Practice and Procedure, Sec. 2221. I am satisfied that a reasonable mind could find these defendants guilty beyond a reasonable doubt.

Defendants urge a new trial on many grounds—principally for alleged errors in giving or denying certain instructions.

I have examined all of the grounds alleged. None of them is meritorious. The Court spent 1½ days exhaustively discussing the proposed instructions with counsel. All aspects of the instructions were fairly and fully considered. The decisions to give or refuse instructions were measured ones. I believed them to be proper at the time and review from the advantageous position of hindsight leaves me of the same opinion.

Special stress is laid, in the motions for a new trial, upon the ground that Government counsel made inflammatory remarks to the jury in his closing argument, especially when he urged that this was their opportunity to do something about "labor racketeering" about which they had read in the newspapers, and when he said that future cases might be decided upon the basis of their decision in this case.

■■ I have reread his argument in the light of recent decisions on the point, and conclude that his remarks were not prejudicial. Reasonable latitude is allowed in a jury argument. Stassi v. United States, 8 Cir., 1931, 50 F.2d 526. Judge Hand once observed that a prosecuting attorney must not be sheared "of

all oratorical emphasis," for to do so would be to load the scales of justice for the defense. DiCarlo v. United States, 2 Cir., 6 F.2d 364, 368.

The argument of the prosecution did not exceed the permissible latitude allowed during the course of a lengthy and strenuously contested trial. See Myres v. United States, 8 Cir., 1949, 174 F.2d 329, 338–339, certiorari denied 338 U.S. 849, 70 S.Ct. 91, 94 L.Ed. 520; Mellor v. United States, 8 Cir., 1947, 160 F.2d 757, 765, certiorari denied 331 U.S. 848, 67 S.Ct. 1734, 91 L.Ed. 1858.

In order to correct any possible prejudice that might have resulted from the prosecutor's remarks, the Court, on its own initiative, gave the jury the following cautionary instructions:

> "The fact that other defendants in other cases in the field of labor-employer relations may have been convicted of crimes is not evidence of the fact that any of these defendants are guilty of the crimes with which they are charged, and should not be so considered by you. How future cases in this field may be decided is not pertinent here. This case must be decided exclusively by the facts and by the law presented to you in this courtroom during this trial, and by nothing else."

I have also reviewed the other grounds upon which defendants urge a new trial. None of them justifies the granting of the relief asked.

These defendants had a fair trial. They were ably represented by a total of 10 highly skilled lawyers who were vigorous in the discharge of their professional responsibilities. The jury was carefully chosen, without objection, and an inordinately large number of peremptory strikes were granted the defendants. The jury picked represented a fair cross section of the citizens of this community. The jurors were attentive to the proceedings and conscientious in the performance of their duties. On the basis of the evidence presented to them, and the controlling law, they concluded after a deliberation of about two hours that each of the defendants was guilty of each of the offenses with which he was charged.

This was a conclusion which could have been reached logically by reasonable minds. The Court believes the record to be absent of prejudicial error.

All of the motions of all of the defendants are denied.