UNITED STATES of America,
Plaintiff,

v.

Layton T. MERRICK, Defendant.

Crim. No. 2415.

United States District Court
W. D. Missouri,
Southwestern Division.

Nov. 15, 1963.

See also D.C., 207 F.Supp. 929.

F. Russell Millin, United States Atty.,
Kansas City, Mo., for plaintiff.

Layton T. Merrick, pro se.

BECKER, District Judge.

The defendant, Layton T. Merrick, was tried before this Court and a jury upon his plea of not guilty to five counts of an indictment charging various counterfeiting offenses. Defendant was found guilty on each count. On April 2, 1963, he was sentenced to imprisonment for a period of six years on each of the five counts, to be served concurrently. The defendant is presently imprisoned in the Medical Center for Federal Prisoners, Springfield, Missouri.

Defendant has written a letter to this Court seeking a transcript of the proceedings in this action, without cost. This letter will be ordered filed, and will be treated as a motion pursuant to Title 28 U.S.C.A. § 1915.

Defendant has attached to his letter the following affidavit:

"I, Layton T. Merrick, do hereby swear that I am a citizen of the United States of America; that because of my poverty I am unable to pay the costs of copy of court transcript; that I am unable to give security for the same; and that I beleive [sic] I am entitled to the requested record."

■ Relief under the defendant's motion must be denied. Title 28 U.S.C.A. § 1915, provides in pertinent part that:

"(a) Any court of the United States may authorize the *commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein,* without prepayment of fees and costs or security therefor, by a citizen who makes affidavit that he is unable to pay such costs or give security therefor. *Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress.* * * *

"(b) In any civil or criminal case the court may, *upon the filing of a like affidavit,* direct that the expense of furnishing a stenographic transcript and printing of the record on appeal, if such printing is re-

quired by the appellate court, be paid by the United States * * *." (Emphasis added.)

In this case neither defendant's motion and supporting affidavit nor the record on file in the office of the Clerk of this Court discloses any pending suit, action, proceeding or appeal such as contemplated by the statute. Furthermore, if the papers herein ordered filed were treated as a notice of appeal or request for leave to appeal, no relief could be granted. Rule 37(a) (2) of the Federal Rules of Criminal Procedure provides that "An appeal by a defendant may be taken within 10 days after entry of the judgment or order appealed from * * *." The time for taking an appeal prescribed by this rule is jurisdictional and cannot be enlarged. 4 Barron and Holtzoff, Federal Practice and Procedure § 2336, p. 321, and cases there cited, n. 22.

Therefore under Title 28 U.S.C.A. § 1915, this Court is unable to consider defendant's motion for a transcript without payment of costs. United States v. Lott (W.D.Ky.) 171 F.Supp. 178, citing with approval United States v. Hoskins (E.D. Ky.) 85 F.Supp. 313, l.c. 314, where the Court stated:

> "No statutory provision is made for the furnishing to a petitioner, without prepayment of costs, certified copies of the records of the Court merely for his examination in order to determine whether he wishes to engage in litigation."

See also United States v. Culbert (W.D. Mo.) 215 F.Supp. 333; United States v. Culbert (W.D.Mo.) Cr. No. 21201–4, December 20, 1962; United States v. Colum (W.D.Mo.) Cr.No. 21202–4, December 20, 1962; Dickerson v. United States (W.D. Mo.) Cr. No. 20805–1, May 18, 1963.

For these reasons it is

Ordered that the defendant's letter of October 25, 1963, be filed by the Clerk of this Court and be treated as a motion pursuant to Title 28 U.S.C.A. § 1915. It is further

Ordered that the defendant's motion for a copy of the transcript of the proceedings in this cause without payment of costs be, and the same is hereby, overruled.