The UNITED STATES, Plaintiff-Appellee,

v.

Gerald Edwin HEFT, Defendant-Appellant.

Crim. No. 7239.

United States District Court
W. D. Michigan, S. D.

March 17, 1966.

Harold D. Beaton, U. S. Atty., Jack E. Frost, Asst. U. S. Atty., Grand Rapids, Mich., for the United States.

Gerald Edwin Heft, in pro. per.

OPINION

FOX, District Judge.

This is a motion for leave to appeal in forma pauperis from an order of this court denying petitioner's motion for a transcript of his trial record (Criminal No. 7239).

Petitioner was sentenced on August 16, 1965, after a jury found him guilty of violating 18 U.S.C. § 2113(a) (d). On February 26, 1966, petitioner filed a motion requesting a transcript of the trial record in forma pauperis on the grounds that prior to and during his trial his constitutional rights were violated. That motion was denied in an opinion dated June 16, 1966.

On December 1, 1966, the Clerk for the District Court of the Western District of Michigan received a letter from the petitioner stating that he had not received a reply to his motion for a

transcript. The District Court Clerk replied in a letter dated December 6, 1966 that the court's docket showed that on June 16, 1966 an opinion on petitioner's motion had been filed, and that on the same day a certified copy of the opinion and order had been mailed to petitioner's attorney, Mr. Adrian Verspoor.

After receiving this letter, petitioner on December 12, 1966, again wrote the Clerk, stating that Mr. Verspoor had not been appointed his attorney with respect to an appeal, and requesting a copy of the order and opinion. These were sent to him on December 21, 1966.

On December 30, 1966, petitioner filed his notice of intent to appeal this court's order of June 16, 1966. Subsequently on January 9, 1967, petitioner filed a motion for leave to appeal in forma pauperis, alleging that he is a pauper within the meaning of 28 U.S.C. § 1915. Attached to that motion is an affidavit alleging his inability to pay the costs of the proceedings or to give security for such proceedings.

After a careful examination of the facts and issues in this case, we are of the opinion that the petitioner would not prevail on an appeal, and that his petition should be denied.

■ When his motion for a transcript was denied, we stated in our opinion of June 16, 1966 that Rule 37 of the Federal Rules of Criminal Procedure requires that an appeal from a verdict in a criminal case be taken within ten days from the entry of the verdict. Bryant v. United States, 261 F.2d 229 (CCA 6, 1958); Brant v. United States, 210 F.2d 470 (CCA 5, 1954). We also cited United States v. Merrick, 223 F.Supp. 908 (W.D.Mo., 1963), in which a free copy of the transcript on the same basis was requested by a defendant. The court there held that if the request for a transcript were to be considered as a notice of appeal, the appeal time had passed and since no appeal was pending, the motion would be denied. To allow the petitioner to proceed in forma pauperis now would be tantamount to granting a delayed appeal. This we cannot do.

In addition, the facts of this case compel the court to conclude that petitioner's claim of denial of constitutional rights is frivolous.

When petitioner filed his motion for a transcript in February of 1966, he stated that his constitutional rights were violated in the following ways: (1) the mental competency test was unreliable; (2) the court failed to reach a decision on his mental competency; and (3) acts by the prosecution prior to and during the trial prejudiced his rights.

With respect to the first two allegations, pursuant to Title 18 U.S.C. § 4244, petitioner was examined by C. M. Schrier, M.D., a qualified psychiatrist from Kalamazoo State Hospital on May 2, 1965. On May 17, 1965, Dr. Schrier filed a report with this court which stated: "It is my opinion that Gerald E. Heft is not insane and that he is responsible for his acts. It is also my opinion that he is aware of the nature of the charges placed against him."

On July 7, 1965, the court conducted a hearing on the mental competency of the petitioner and offered him a full opportunity to cross-examine the psychiatrist and submit any other proofs on the question of his sanity. Both the petitioner and his attorney were furnished with copies of the doctor's report to assist them in their examination of the doctor.

After a full hearing on the merits, this court judged the petitioner competent, and able to assist his counsel in defense of the charge made against him. No further challenge to the court's decision was made by petitioner or his attorney.

Lastly, petitioner's claim that the prosecution prejudiced his rights also fails as it is unsupported by the facts.

Petitioner's court-appointed attorney, Adrian W. Verspoor, is a very capable and experienced trial lawyer. As a former assistant prosecuting attorney for Kent County, he was eminently qualified to defend the petitioner. During the trial he demonstrated that he had

spent considerable time and energy in preparing for the trial.

Before the defendant was sentenced on August 16, 1965, the court in an in-chambers conference gave the petitioner and his attorney an opportunity to present any matters in mitigation of the sentence which had not previously been brought to the attention of the court.

At the conclusion of the conference the following colloquy between the defendant and the court occurred:

"THE COURT: Yes, all right, fine. All right, Gentlemen, you may take them into the courtroom. Did you have anything, Mr. Heft, that you would like to say?

DEFENDANT HEFT: Yes, I would like to say something first.

THE COURT: Do you want to say it in open court?

DEFENDANT HEFT: I can say it now.

THE COURT: All right.

DEFENDANT HEFT: I would first of all like to say that I felt that you had gone out of your way to give us a fair trial and everything and I want to thank you for this. It may not be entirely appropriate for me to do so, nevertheless, I am grateful and I would like to add the comment further on Mr. Verspoor's statement, I have spent a great deal of time in institutions and I have got so now that I can function fairly well in an institution, I can get along without trouble or anything like this, but I haven't really had the time, freedom on the streets in society to really adjust to that and I would like you to take this into consideration from the standpoint of not to sentence me so long that this institutionalization will become rigid, and I won't be able to get out again." (Tr. 5, Aug. 16, 1965.)

Finally, the same day he was sentenced in Criminal No. 7239, he was also sentenced in Criminal No. 7290. Petitioner had consented previously to the transfer of Criminal No. 7290 under Rule 20 of the Federal Rules of Criminal Procedure from the Eastern District of Pennsylvania to the Western District of Michigan for the purpose of pleading. Prior to sentencing the petitioner in Criminal No. 7290, the court questioned the petitioner, as follows:

"THE COURT: And you have been informed of all your constitutional rights, trial by jury, and your right to counsel, and to a trial in Philadelphia on this matter?

THE DEFENDANT: Yes, I have.

THE COURT: And your rights to appeal to the Circuit Court of Appeals and the United States Supreme Court?

DEFENDANT HEFT: Yes, I have.

THE COURT: You are informed on all these matters?

DEFENDANT HEFT: Yes, I am." (Tr. 1–2, Aug. 16, 1965.)

From the above, it is apparent that the petitioner was fully informed of all of his rights to appeal to the Circuit Court of Appeals and the United States Supreme Court.

In view of the opportunities which were afforded to both petitioner and his counsel to speak freely during the proceedings in this matter, if there were any improprieties or prejudicial actions on the part of the prosecution, they could have certainly been brought to the attention of the court prior to the time the sentence was announced. We find from the record no improprieties or prejudicial actions on the part of the prosecution.

Furthermore, petitioner on his own motion and on his own initiative, requested the transfer of Criminal No. 7290 from Philadelphia, Pennsylvania to the Western District of Michigan. He knew the applicable federal court rule. His previous experience and his manner in this case evidence his familiarity with criminal procedures.

Since purely legal issues are raised an evidentiary hearing is not necessary. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

Petitioner's motion for leave to appeal in forma pauperis is denied.