**UNITED STATES ex rel. McNEILL v. AVIS, District Judge.**

**No. 7288.**

Circuit Court of Appeals, Third Circuit

Dec. 18, 1939.

No counsel on either side.

Before BIGGS, MARIS, and CLARK, Circuit Judges.

PER CURIAM.

The relator, Thomas M. McNeill, is now imprisoned by detention in the United States Penitentiary at Alcatraz, California. He prays leave to prosecute his application for a writ of mandamus in forma pauperis. We grant such leave, but the prayers of his petition for a writ of mandamus directed to Judge Avis, commanding the latter to furnish the relator without cost with copies of the docket entries, etc. must be denied for the following reasons.

First: This court has jurisdiction to issue writs of mandamus only when necessary for the protection of its appellate jurisdiction and strictly in aid of that jurisdiction when it is involved. Section 262 Judicial Code, 28 U.S.C. Sec. 377, 28 U.S.C.A. § 377; United States v. Mayer, 235 U.S. 55, 35 S.Ct. 16, 59 L.Ed. 129; In re Eastman Kodak Co., 3 Cir., 48 F.2d 125. In the present case the relator did not take an appeal from his conviction in the District Court of New Jersey and the time for taking an appeal has long since passed. His present application is stated to be in aid of a habeas corpus proceeding which he desires to institute in the District Court for the Northern District of California. The latter proceeding obviously could not involve the appellate jurisdiction of this court.

Second: The District Court has no power in a criminal case to compel the stenographer who took the testimony to furnish either at his own expense or at the expense of the United States a transcript of the testimony to the defendant even though the latter be a poor person entitled to proceed in forma pauperis under the Act of July 20, 1892 as amended 28 U.S.C. Sec. 832, 28 U.S.C.A. § 832; United States ex rel. Estabrook v. Otis, 8 Cir., 18 F.2d 689.

Third: Since the relator did not take an appeal from his conviction in the District Court and the judgment of conviction has become final the provisions

of the Act of July 20, 1892 as amended, 28 U.S.C. Sec. 832, 28 U.S.C.A. § 832, authorizing criminal actions to be defended by poor persons in forma pauperis are no longer applicable to his case. Accordingly any copies of papers relating to his case which he desires to procure from the Clerk of the District Court for the District of New Jersey must be procured in the ordinary way upon payment of lawful fees.

An order will be entered in accordance with this opinion.