**In re FULLAM.**

**Misc. No. 99.**

United States Court of Appeals for the District of Columbia.

Dec. 4, 1945.

Mr. Edward C. Fullam, pro se.

Before GRONER, C. J., and WILBUR K. MILLER and PRETTYMAN, JJ.

PER CURIAM.

Petitioner submitted a motion in forma pauperis to the District Court to obtain a transcript of the record, indictment, and of the judgment containing the sentence and order of commitment rendered in 1939, in criminal case No. 63119, United States v. Fullam, in said District Court, for use in preparing a motion to vacate said judgment, claiming that under the in forma pauperis statute, 28 U.S.C.A. § 832, he is entitled to the transcript without being required to pay the fees therefor. The District Court after consideration thereof denied his request, and he now applies to this court for a writ of mandamus to compel the District Court to furnish said transcript. The District Court having ruled upon petitioner's motion, mandamus will not lie to review its determination, for it is settled that the writ may not be used as a substitute for appeal.

In any event, the statute upon which petitioner relies does not support his contention. The statute provides that a citizen, upon filing of the required statement of poverty under oath, may be allowed to "commence and prosecute or defend to conclusion any * * * action, or an appeal to the circuit court of appeals * * * in such suit or action, including all appellate proceedings, * * * without being required to prepay fees or costs or for the printing of the record in the appellate court or give security therefor, before or after bringing suit or action, or upon appealing", and the statute also provides that in a criminal case the court may direct that the expense of printing the record on appeal be paid by the United States.

In Miller v. United States, 1942, 317 U. S. 192, 197, 63 S.Ct. 187, 190, 87 L.Ed. 179, the court said that the statute, "applies only to court costs, permits the taking of an appeal without prepayment of cost of printing the record in the appellate court, and provides in certain cases for the printing of that record at Government expense. It does not authorize the procurement of a transcript of the testimony nor the payment for services in reporting evidence taken at the trial nor for the obtaining of it by the Government in behalf of an indigent defendant." What the effect of the Court Reporter Act, Act of January 20, 1944, Pub. No. 222, 78th Cong., 58 Stat. 5, 28 U.S.C.A. § 9a, may be, we need not decide on this petition.

Since the in forma pauperis statute makes no provision requiring the District Court or the clerk thereof to furnish an indigent litigant with copies of papers or records, the petition must be denied.

Petition denied.