**Ex parte ALLEN.**
**No. 411.**

District Court, E. D. Kentucky, at Lexington.
July 29, 1948.

John Allen, in pro. per.

Claude P. Stephens, U. S. Atty., of Lexington, Ky., for respondent.

FORD, District Judge.

The above entitled application for a writ of habeas corpus was filed in this Court on November 8, 1945. On December 1, 1945, the case was heard before the Court upon the pleadings and proof introduced by the parties and a final order was entered denying the application and dismissing the proceeding.

On this July 29, 1948, the undersigned received from the applicant John Allen, who is now confined in the Federal Institution at Springfield, Missouri, a writing stating: "Recently discovered evidence has come into my possession altering the entire basis upon which the determination of this Court was predicating in that proceeding and I desire to institute a new habeas corpus proceeding in the jurisdiction wherein I now am imprisoned. But in order adequately to present the facts and their application to the law I require a certified copy of the entire record of the prior proceeding in this Court." The writing further states under the oath of applicant: "Because of my poverty, imprisonment since October 1939, and other matters beyond by control, I do not have and have been unsuccessful in my efforts to raise the money demanded by the Clerk for said record and my rights will be substantially prejudiced if I do not procure it promptly."

1 he applicant prays the Court to enter an order directing the Clerk of this Court to forthwith furnish to him without cost a certified copy of the entire record in the above entitled proceedings had in this Court in 1945.

No proceeding on behalf of the applicant is now pending in this Court and so far as presently appears none is contemplated.

The in forma pauperis statute, 28 U.S.C.A. § 832, makes no provision authorizing or empowering a district court to require its clerk to furnish an indigent litigant copies of the records of the Court for his personal use in proposed or prospective litigation in another jurisdiction. In re Fullam, 80 U.S.App.D.C. 273, 152 F.2d 141.

The request of the applicant to be furnished, without cost, copies of the records in the above entitled proceeding must be and is denied.