### UNITED STATES v. HOSKINS.

#### No. 8559.

United States District Court
E. D. Kentucky.

Aug. 9, 1949.

Claude P. Stephens, U. S. Atty., Lexington, Ky., for plaintiff.

No appearance for defendant.

FORD, Chief Judge.

The defendant, Edward Garrett Hoskins, who was convicted and sentenced in this Court on March 4, 1940, has filed a petition for an order directing the Clerk of the Court to prepare and furnish him, in typewritten form, without prepayment of costs, certified copies of the following records in this case, viz: (1) Indictment, (2) Plea, (3) Transcript of evidence and testimony, (4) Judgment and Commitment, (5) Docket Entries, and (6) United States Marshal's Returns, "so that such records may be examined by him for a determination as to the legality of said convictions, judgments and commitments pursuant to which he is now restrained of his liberty."

He attaches to his petition his affidavit stating that pursuant to his conviction and commitment, he is presently confined in the United States Penitentiary at Alcatraz, California, and by reason of his poverty he is unable to prepay the costs of the records which he desires for examination.

By section 2250 of Title 28 of the United States Code Annotated (revised) an order directing the Clerk·of any Court of the United States to furnish to an indigent petitioner certified copies of records on file in his office, without prepayment of cost, may be made only by the Judge of the Court before whom an application for a writ of habeas corpus, in forma pauperis, is pending.

The obvious reason for this statutory limitation of authority is because only the Judge of the Court before whom a proceeding is pending is in a position to determine whether it is necessary to impose such a burden upon the Clerk of a Court of the United States and, if so, to limit the copies to be furnished to those records which are pertinent to the issues presented in the case.

314

No application by the defendant for a writ of habeas corpus is pending before this Court.

No statutory provision is made for the furnishing to a petitioner, without prepaying of costs, certified copies of the records of the Court merely for his examination in order to determine whether he wishes to engage in litigation.

The prayer of the defendant's petition must be denied.