88

## UNITED STATES v. CARTER.
### Cr. No. 75421.

United States District Court
District of Columbia.
Jan. 27, 1950.

George Morris Fay, U. S. Atty., Washington, D. C., John J. O'Leary, Asst. U. S. Atty., Washington, D. C., for plaintiff.

Belford V. Lawson, Washington, D. C., for defendant.

PINE, District Judge.

William A. Carter, sentenced November 9, 1945, to imprisonment upon conviction on a charge of rape, filed herein on December 23, 1949, an affidavit in forma pauperis, in which he requested leave "to file an action * * * under the provisions of 28 U.S.C. Section 2255 in order to pray the court to vacate the judgment and sentence, said judgment and sentence being illegal, void, and a nullity for reason to be outlined in said action." He also requested "an order to the clerk of said court and court reporter to issue or loan to affiant a certified record of the transcript of record, including the transcribed stenographic notes of his trial without cost * * *"

■ The affidavit is sufficient to authorize the filing of a motion under 28 U.S.C.A. § 2255, and leave to file the same will be granted.

■ With respect to the other request contained in his affidavit, 28 U.S.C.A. § 1915 permits the court to direct that the expense of furnishing a stenographic transcript, *if required by the appellate court,* be paid by the United States. 28 U.S.C.A. § 753 permits fees for transcripts to be furnished in criminal or habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis to be paid by the United States. It also provides that fees for transcripts in other proceedings to persons *permitted to appeal in forma pauperis* shall be paid by the United States upon certificate by the trial judge or circuit judge that the appeal is not frivolous but presents a substantial question. There appear to be no other statutory provisions for the furnishing of transcripts at the expense of the United States, and none referred to permits the furnishing of transcripts or records in one action to be used in another, as requested herein. See In re Fullam, 80 U.S.App.D.C. 273, 152 F.2d 141. That a motion under 28 U.S.C.A. § 2255 is the beginning of a new proceeding, independent of that in which the judgment it attacks was entered, has been decided by the United States Court of Appeals for the District of Columbia in Bruno v. United States, D. C. Cir., 180 F.2d 393.