## COHEN v. UNITED STATES.
### Cr. No. 33413.

United States District Court,
E. D. Michigan, S. D.
Aug. 25, 1954.

Curtis Cohen, in pro. per.

George Woods, Jr., Chief Asst. U. S. Atty., Detroit, Mich., for United States.

PICARD, District Judge.

Curtis Cohen was indicted November 19, 1952, warrant for his arrest issued and executed November 20, 1952 and on the same day petitioner was arraigned with a plea of not guilty entered. April 22, 1953, following advice of counsel, petitioner, after having been apprised of his constitutional rights, changed his plea from not guilty to guilty as to Count Two of the indictment and was thereupon sentenced to a term of five years. After sentence was pronounced under Count Two and on motion of the District Attorney, Count One was dismissed. Defendant now petitions the Court for vacation of sentence and judgment, leave to proceed in forma pauperis, and transcript of the Court records, and habeas corpus ad testificandum, alleging that no warrant was issued or complaint filed and that he is now deprived of his liberty without due process of law and in violation of his constitutional rights.

*Findings of Fact and Conclusions of Law.*

■■ Examination of the court records and file reveals that petitioner is in error; that in fact he was arrested pursuant to a warrant issued upon the above indictment but the absence of a warrant and complaint would not entitle him to have his sentence vacated, his conviction resting upon his plea of guilty. Richardson v. U. S., 10 Cir., 199 F.2d 333.

■ Motion to vacate judgment and sentence may be entertained and determined by the Court without the production of the prisoner when the records and files of a case conclusively show that he is not entitled to relief, Title 28 U.S.C. §

2255; U. S. v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232, and Donovan v. U. S., 10 Cir., 205 F.2d 557. Where the motion and files and records show the prisoner is not entitled to any relief there is no occasion for a hearing on the issues presented in the motion to vacate. See Risken v. U. S., 8 Cir., 197 F.2d 959; and U. S. v. Rosenberg, 2 Cir., 200 F.2d 666.

Petitioner's motion is a new proceeding, independent of that in which the judgment it attacks was entered and he is not entitled to records and transcripts at government expense pursuant to Title 28 U.S.C. § 1915. See also U. S. v. Carter, D.C., 88 F.Supp. 88.

As we understand the decisions it is not necessary that the petitioner be present in Court in a case of this kind since his presence is entirely within the discretion of the Court. Crowe v. U. S., 4 Cir., 175 F.2d 799.

For the reasons above stated petitioner's motions are all denied.