Willie **HULLOM**, Petitioner,

v.

W. Wallace **KENT**, District Judge, Respondent.

United States Court of Appeals Sixth Circuit.

Jan. 28, 1959.

Before ALLEN, Chief Judge, and SIMONS and MILLER, Circuit Judges.

PER CURIAM.

Petitioner asks leave to proceed in this Court in forma pauperis and to file application for writ of mandamus against respondent who is a judge of the District Court for the Western District of Michigan.

It is difficult to understand from the application for the writ, obviously prepared without the assistance of counsel, the exact nature of petitioner's complaint and the relief sought.

We gather from the several papers tendered in connection with the application that petitioner is serving a sentence of from twenty to forty years in a state prison at Jackson, Michigan, and that on March 31, 1958, he filed civil action No. 3434 in the U. S. District Court for the Western District of Michigan against several defendants for damages in the amount of $21.50 per day of his incarceration. On November 6, 1958, the District Judge mailed him a copy of the Court's opinion granting the motion of one defendant to quash service of process and denying petitioner's application for default judgment as to two other defendants. The letter also notified him that the jury trial in the matter was set for December 8, 1958, at 1:30 P.M. in the U. S. District Court's courtroom in Grand Rapids, Michigan. The result of this trial is not stated, but we assume that it was decided adversely to petitioner since there is attached to the application as an exhibit a letter from the Clerk of the Court to petitioner, dated January 6, 1959, advising him that he was being sent by mail a copy of the District Judge's opinion denying petition for leave to appeal in forma pauperis, and that an order had been entered accordingly.

The present application for a writ alleges that the District Judge "by means of deviation and silence has refused to serve an Order which will show this Petitioner was granted to proceed in forma pauperis, in case No. 3434." It asks that the respondent Judge be directed "to serve an Order which show, Petitioner was granted to proceed *informa* pauperis in case No. 3434."

If we construe the application as seeking an order directing the District Judge to enter an order permitting petitioner to appeal in forma pauperis, contrary to the order already entered denying him that right, mandamus is not the proper remedy. Ex parte Park & Tilford, 245 U.S. 82, 85, 38 S.Ct. 15, 62 L. Ed. 164; Walker v. Brooks, 6 Cir., 251 F.2d 555, 557; Higgins v. Steele, 8 Cir., 195 F.2d 366, 368; Prince v. Klune, 80 U.S.App.D.C. 31, 148 F.2d 18, 19.

We believe, however, from statements contained in petitioner's affidavit that this is a demand for a copy of an order which permitted the petitioner to proceed in forma pauperis in the District Court, which petitioner claims he never received. We do not see the need at the present time for such a copy. The benefit of such an order, if one was entered, has been fully obtained. If petitioner plans to prosecute an appeal, the original papers are transmitted to the Clerk of the Court of Appeals, which will include such order. The statutory right to proceed in forma pauperis, Sec. 1915, Title 28, U.S.Code, does not include the right to obtain copies of court orders without payment therefor. In re Fullam, 80 U.S.App.D.C. 273, 152 F.2d 141;

United States ex rel. McNeill v. Avis, 3 Cir., 108 F.2d 457; Ex parte Allen, D.C. E.D.Ky., 78 F.Supp. 786.

In any event, it is not the duty of the District Judge to furnish copies of his orders to the parties in the action. Whatever duty, if any, exists in that respect is the duty of the Clerk. Rule 77 (d), Rules of Civil Procedure, 28 U.S. C.A.

There being no merit in petitioner's application for the writ of mandamus, the application and motion to proceed in forma pauperis are denied. Phillips v. McCauley, 9 Cir., 92 F.2d 790; In re Bankers Life & Casualty Co., 5 Cir., 199 F.2d 593, affirmed Bankers Life & Casualty Co. v. Holland, 346 U.S. 379, 74 S. Ct. 145, 98 L.Ed. 106; Compare: Lemon v. Druffel, 6 Cir., 253 F.2d 680, certiorari denied, 358 U.S. 821, 79 S.Ct. 34.