**UNITED STATES of America,**
**Plaintiff,**

v.

**Lonnie LOTT, Defendant.**

**No. 3597.**

United States District Court
W. D. Kentucky,
Bowling Green Division.

Feb. 12, 1959.

No appearance for plaintiff.
No appearance for defendant.

SWINFORD, District Judge.

The clerk received and has marked filed on January 19, 1959, a document which is entitled "Petition in Forma Pauperis Requesting Certified Copies of

the Courts Records in the Above Cause, and in Pursuant to Title 28, § 1915(A), U.S.C."

The defendant, Lonnie Lott, is seeking to invoke the provisions of 28 U.S.C.A. § 1915(a) for the purpose of having the clerk furnish copies of court records without prepayment of costs. The basis for the motion as stated in the above entitled document is that the defendant requests the record as necessary for him to prepare his case to move for vacation of sentence under 28 U.S.C.A. § 2255.

The section on which the defendant relies is authority for the court to authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor upon proper showing. The "petition" under consideration here does not disclose that there is any suit, action or proceeding as contemplated by the statute.

The in forma pauperis statute does not entitle the defendant to a transcript of the record, indictment and other papers which he enumerates in his petition without being required to pay the fees therefor since the statute makes no provision requiring the district clerk to furnish an indigent litigant with copies of papers or records. Miller v. United States, 317 U.S. 192, 601, 63 S.Ct. 187, 87 L.Ed. 179; In re Fullam, 80 U.S. App.D.C. 273, 152 F.2d 141; Ex parte Allen, D.C.E.D.Ky., 78 F.Supp. 786, 787; Lowe v. Hiatt, D.C., 77 F.Supp. 923; United States v. Carter, D.C., 88 F.Supp. 88.

In the case of United States v. Hoskins, D.C., 85 F.Supp. 313, 314, Judge H. Church Ford of the Eastern District of Kentucky, stated that "no statutory provision is made for the furnishing to a petitioner, without prepayment of costs, certified copies of the records of the Court merely for his examination in order to determine whether he wishes to engage in litigation."

28 U.S.C.A. § 2255 provides an expeditious remedy for correcting erroneous sentences without the resort to habeas corpus. It is in the nature of the ancient writ of error coram nobis but must be considered as the beginning of a new proceeding, independent of that in which the judgment it attacks was entered. Bruno v. United States, 86 U.S.App.D.C. 118, 180 F.2d 393; Cohen v. United States, D.C., 123 F.Supp. 717.

The defendant was charged in the indictment with a violation of 18 U.S.C.A. § 2113(a, d), the bank robbery statute. Upon his appearance before the court and before his arraignment, it was learned that he was without counsel and unable to employ counsel. The court appointed two able and experienced lawyers to represent him. A trial was had and he was found guilty of the charges contained in the indictment. He appeared before the court for sentence and opportunities were given him and his attorneys to make statements to the court before judgment was entered. On May 21, 1958, judgment was entered fixing his punishment as fifteen years on each of the two counts, these sentences to run concurrently. A motion for a new trial was made and after consideration by the court it was overruled on June 12, 1958. No appeal was prosecuted from the judgment. On July 2, 1958, the undersigned judge of this court received a letter from the defendant from the institution in which he was confined in which he asked for a reduction of his sentence. The letter made no reference to the trial or any question about the proceedings.

Since no appeal was taken from the conviction in the district court and the judgment has become final, the provisions of 28 U.S.C.A. § 1915 authorizing criminal actions to be defended by poor persons in forma pauperis are no longer applicable to this case and copies of papers relating to the case which he desires to procure from the clerk must be obtained in the ordinary way by the prepayment of fees. United States ex rel. McNeill v. Avis, 3 Cir., 108 F.2d 457.

■■ The files and record of the case conclusively show that the prisoner is entitled to no relief. It is the duty of the district court in the exercise of judicial discretion to determine whether the proposed action sought to be commenced and prosecuted in forma pauperis is meritorious. Such proceeding is a privilege and not a right and should not be granted where it is clear that the proposed action is wholly without merit, and will be futile. Gilmore v. United States, 8 Cir., 131 F.2d 873; Higgins v. Steele, 8 Cir., 195 F.2d 366; Richardson v. Hatch, D.C., 134 F.Supp. 110.

■■ I am of the opinion that a motion filed under 28 U.S.C.A. § 2255 would be entirely lacking in merit and could avail the defendant nothing.

An order dismissing the "petition" filed herein on January 19, 1959, and denying the request for certified copies of court records is this day entered.