Troy Lee PRINCE, Appellant,

v.

UNITED STATES of America, Appellee.

No. 7116.

United States Court of Appeals
Tenth Circuit.

Dec. 11, 1962.

John D. Fassett, New Haven, Conn. (Wiggin & Dana, New Haven, Conn., on the brief), for plaintiff-appellant.

Donald F. Keefe, New Haven, Conn. (Richard G. Bell, and Gumbart, Corbin, Tyler & Cooper, New Haven, Conn., on the brief), for defendant-appellee.

Before WATERMAN, SMITH and HAYS, Circuit Judges.

Blaine A. Rutenbeck, Denver, Colo., for appellant.

Jack R. Parr, Asst. U. S. Atty. (B. Andrew Potter, U. S. Atty., on the brief), for appellee.

Before BRATTON, LEWIS and SETH, Circuit Judges.

PER CURIAM.

Appellant is presently confined in the United States Penitentiary at Leavenworth pursuant to the authority of sentence imposed by the United States District Court for the Western District of Oklahoma after the conviction of appellant upon twenty-four counts of an indictment charging the unlawful trafficking in narcotics. On June 13, 1962, and after the expiration of the period for timely appeal had run, appellant filed a motion requesting that he be furnished, at the expense of the United States, "a transcript and certified copy of the records and trial minutes filed * * *" and asserting "that each and all of the said records are necessary and material to his defense in instituting an action in the United States Courts." The motion was supported by an affidavit of impecuniosity and affiant's statement that he believed himself entitled to the redress sought. The trial court denied the motion without a hearing and this appeal followed.

The trial court was manifestly correct in denying appellant's motion without a hearing. The statutory authority of 28 U.S.C.A. § 1915 grants the power to the courts of the United States to furnish transcripts and other documents of record in actions proceeding in forma pauperis only as direct and necessary aids to the particular action. There is no statutory authority under 28 U.S.C.A. § 1915, 28 U.S.C.A. § 753, or elsewhere, allowing the expenditure of government funds as an aid to impecunious persons exploring the possibility of post conviction remedies. In the case at bar there is no pending appeal and the period for timely appeal has expired; nor is there any judicial action or order to which the authority of 28 U.S.C.A. § 1915 could attach. United States v. Stevens, 3 Cir., 224 F.2d 866; United States v. Bernett, D.C.Md., 92 F.Supp. 26, affd. Mann v. United States, 4 Cir., 183 F.2d 1024. See also Ex Parte Allen, D.C.Ky., 78 F. Supp. 786; United States ex rel. McNeill v. Avis, 3 Cir., 108 F.2d 457; Johnson v. Hunter, 10 Cir., 144 F.2d 565.

Affirmed.