Kermit KETCHERSIDE, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 15182.

United States Court of Appeals
Sixth Circuit.

June 12, 1963.

---

Kermit Ketcherside, in pro. per.

George E. Hill, U. S. Atty., Grand Rapids, Mich., H. David Soet, Asst. U. S. Atty., Grand Rapids, Mich., on brief, for plaintiff-appellee.

Before MILLER and O'SULLIVAN, Circuit Judges, and TAYLOR, District Judge.

## PER CURIAM.

Petitioner-appellant, Kermit Ketcherside, is presently incarcerated in the federal penitentiary at Leavenworth, Kansas, pursuant to a conviction and sentence imposed on June 27, 1957, by the United States District Court for the Western District of Michigan. No appeal has been taken by Ketcherside from the judgment of conviction under which he is now in custody. The present appeal, allowed to be taken in forma pauperis by the District Judge, is from an order of that court denying him a transcript (at government expense) of the testimony received on his trial. Ketcherside has filed no motion in the District Court to vacate sentence pursuant to 28 U.S.C.A. § 2255, nor any petition for writ of habeas corpus or writ of error coram nobis. He asks only for a free copy of the trial transcript for the purpose of preparing "his briefs and arguments."

In the present state of the law, neither § 753(f) nor § 1915 of Title 28 U.S.C.A., entitles a federal prisoner to obtain such a transcript at government expense for the purpose of *preparing* a case pursuant to 28 U.S.C.A. § 2255. Taylor v. United States, 238 F.2d 409, 411 (C.A.9, 1956) cert. denied, 353 U.S. 938, 77 S.Ct. 817, 1 L.Ed.2d 761; United States v. Stevens, 224 F.2d 866, 868–869 (C.A.3, 1955); In re Fullam, 80 U.S.App.D.C. 273, 152 F.2d 141 (C.A.D.C., 1945); United States ex rel. McNeill v. Avis, 108 F.2d 457 (C.A.3, 1939); United States v. Lott, 171 F. Supp. 178, 179 (W.D.Ky., 1959); United States v. Hoskins, 85 F.Supp. 313, 314 (E.D.Ky., 1949); United States v. Lawler, 172 F.Supp. 602, 605–606 (S.D.Tex., 1959); Application of Pruitt, 119 F.Supp. 737 (W.D.S.C., 1954); United States v. Carter, 88 F.Supp. 88 (D.D.C., 1950); Cohen v. United States, 123 F.Supp. 717, 718 (E.D.Mich., 1954). Furthermore, neither Section 1915 nor Section 753(f) authorizes the furnishing of a transcript where there is no motion to vacate sentence pending in the District Court. Ex parte Allen, 78 F.Supp. 786, 787 (E.D. Ky., 1948).

Ketcherside's petition does not claim that there was any error in his trial or any illegality in his sentence. It may be inferred that he would like to search for something upon which to base a § 2255 proceeding.

The judgment of the District Court is affirmed.