James Oliver **HARLESS**, Jr., Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 21207.

United States Court of Appeals
Fifth Circuit.

March 4, 1964.

**398**

Donald H. Fraser, U. S. Atty., Savannah, Ga., for appellee.

Before RIVES, CAMERON and BELL, Circuit Judges.

PER CURIAM.

The appellant alleged in his petition in the District Court, that on his plea of guilty of unlawfully transporting firearms in interstate commerce (15 U.S.C.A. § 902), he was sentenced on or about February 13, 1963; that he now believes that (1) he was placed in jeopardy by that Court in violation of his rights as a citizen; (2) he was denied a just and speedy trial, fair trial, and due process of law insofar as the "Court lost jurisdiction to prosecute your petitioner." On these bare allegations, he asked that he be granted, "The records and files of all proceedings against your Petitioner, or copies thereof, in order that your Petitioner may ascertain the correctness of his beliefs."

It does not appear, and he does not allege, that any other legal proceeding is now pending relative to his said conviction, and it is obvious that the time for his direct appeal therefrom has long since expired.

The District Court denied the motion for copies of records without a hearing, but granted the application for leave to appeal in forma pauperis. Thereupon the appellant moved this Court for appointment of counsel to represent him upon his appeal.

As said in Ketcherside v. United States, 6 Cir. 1963, 317 F.2d 807, 808:

"In the present state of the law, neither § 753(f) nor § 1915 of Title 28 U.S.C.A., entitles a federal prisoner to obtain such a transcript at government expense for the purpose of *preparing* a case pursuant to 28 U.S.C.A. § 2255. Taylor v. United States, 238 F.2d 409, 411 (C.A.9, 1956) cert. denied, 353 U.S. 938, 77 S.Ct. 817, 1 L.Ed.2d 761; United States v. Stevens, 224 F.2d 866, 868–869 (C.A.3, 1955); In re Fullam, 80 U.S.App.D.C. 273, 152 F.2d 141 (C.A.D.C., 1945); United States ex rel. McNeill v. Avis, 108 F.2d 457 (C.A.3, 1939); United States v. Lott, 171 F.Supp. 178, 179 (W.D.Ky., 1959); United States v. Hoskins, 85 F.Supp. 313, 314 (E.D.Ky., 1949); United States v. Lawler, 172 F.Supp. 602, 605–606 (S.D.Tex., 1959); Application of Pruitt, 119 F.Supp. 737 (W.D.S.C., 1954); United States v. Carter, 88 F.Supp. 88 (D.D.C., 1950); Cohen v. United States, 123 F.Supp. 717, 718 (E.D.Mich., 1954). Furthermore, neither Section 1915 nor Section 753(f) authorizes the furnishing of a transcript where there is no motion to vacate sentence pending in the District Court. Ex parte Allen, 78 F.Supp. 786, 787 (E.D.Ky., 1948)."

See also, Prince v. United States, 10 Cir. 1962, 312 F.2d 252. The statutory right

to proceed in forma pauperis does not include the right to obtain copies of court orders, indictments, and transcript of record, without payment therefor, for use in proposed or prospective litigation. Hullom v. Kent, 6 Cir. 1959, 262 F.2d 862; In re Fullam, 1945, 80 U.S.App.D. C. 273, 152 F.2d 141. Furthermore, this appellant's motion to obtain free records and files of the proceedings was insufficient under section 1915 of Title 28 U.S. C.A., because it failed to state with any particularity or color of merit why or in what respects the judgment was allegedly illegal. Compare United States v. Glass, 4 Cir. 1963, 317 F.2d 200.

The appeal is frivolous and is therefore Dismissed.