**James GRACE, Plaintiff,**

v.

**Tommy DILLOW, Clerk, Washington County Circuit Court, and the State of Tennessee, Defendants.**

**Civ. A. No. 2233.**

United States District Court
E. D. Tennessee,
Northeastern Division.

June 19, 1968.

David W. McMackin, Asst. Atty. Gen., Nashville, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The plaintiff Mr. Grace was convicted of a crime in the Criminal Court of Washington County, Tennessee prior to January, 1966. During that aforementioned month, he applied for the state writ of habeas corpus. Same was denied after a hearing on February 3, 1966. Retained counsel for the plaintiff perfected an appeal from that decision, and the denial of the application by the lower court was affirmed on appeal in December, 1967. He now seeks, in forma pauperis, an order of this Court to be provided at the expense of the state of Tennessee certain documents concerned with such proceedings in the state courts " * * * to further pursue * * * habeas corpus proceedings in the United States District Court. * * * "

It is provided in 28 U.S.C. § 2254(e) that, if such an applicant challenges the sufficiency of the evidence adduced in such a state court proceeding, and if the applicant, because of indigency, is unable to produce such part of the record, then the state shall produce such part of the record and this Court shall direct the state so to do by order directed to the appropriate state official. The plaintiff makes no such challenge. The aforementioned subsection was added to 28 U.S.C. § 2254 on November 2, 1966 and apparently has not been the subject of judicial construction. However, for this purpose, it is reasonable to read 28 U.S.C. §§ 2254 and 2255 in pari materia.

As a federal prisoner is not entitled under 28 U.S.C. §§ 753(f) and 1915 to obtain a transcript at federal government expense for the purpose of preparing a case pursuant to 28 U.S.C. § 2255, Dorsey v. United States, C.A.6th (1964), 333 F.2d 1015, certiorari denied (1965), 379 U.S. 994, 85 S.Ct. 711, 13 L.Ed.2d 613, citing Ketcherside v. United States, C.A. 6th (1963), 317 F.2d 807,* a state prisoner is not entitled under 28 U.S.C. § 2254(e) to an order of a federal court to obtain a transcript at the expense of a state government for the purpose of

---

* It was inferred by the Court of Appeals in *Ketcherside* that he would like to search for something upon which to base a § 2255 proceeding, as he stated his purpose to prepare his brief and arguments and stated no error in his trial or illegality in his sentence.

preparing a case pursuant to 28 U.S.C. § 2254. The Supreme Court of the United States has not required a state to supply an indigent with a transcript of proceedings in every case. United States v. Shoaf, C.A.4th (1964), 341 F.2d 832, 834 [1], quoting from the dissents in Draper v. State of Washington (1963), 372 U.S. 487, 500, 83 S.Ct. 774, 781, 9 L.Ed.2d 899, 908.

The plaintiff's motion will be filed without prepayment of fees or costs or giving of security therefor. 28 U.S.C. § 1915(a). The motion, for the reasons assigned, hereby is

Denied.