Clarence Elmon **WALDO**, Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

**Civ. A. No. 1228.**

United States District Court
W. D. Michigan, N. D.

Dec. 5, 1968.

Clarence Elmon Waldo, in pro. per., petitioner.

Harold D. Beaton, U. S. Atty., Western District of Michigan, for United States.

KENT, Chief Judge.

Petitioner brings this action under the provisions of Title 28 U.S.C. § 2255, claiming that the sentence imposed by this Court is invalid for the following reasons:

(A) That he was denied due process of law in violation of the Fourteenth Amendment;

(B) That his Fifth Amendment rights were violated, and that his plea was coerced and involuntary;

(C) That the count of the indictment 2113(d) constitutes plain error;

(D) That he was denied his compulsory process rights.

Petitioner alleges that he was arrested on July 26, 1966, at Portland, Oregon, with his co-defendant brother, Roy E. Waldo, on a bank robbery charge arising out of the robbery of the Bark River State Bank in Bark River in the Northern Division of this Court. He alleges that he was taken before a United States Commissioner on July 26, 1966, "where he was bound over to answer the charge in Michigan." He alleges that on the 3rd day of August he was transported from Portland, Oregon to Grand Rapids, Michigan, arriving in Grand Rapids on the 11th day of August, 1966. The record shows that the Grand Jury sitting in the Western District of Michigan on August 11, 1966, returned an indictment against Robert Duaine Ross, Clarence Elmon Waldo and Roy Edwin Waldo charging robbery of the Bark River State Bank contrary to the provisions of Title

18 U.S.C. § 2113(d) and Title 18 U.S.C. § 2.

Petitioner claims that on August 11, 1966 he was interrogated by the United States Attorney for this District, Mr. Harold Beaton, for a period of one hour, that he was interrogated by two special agents of the Federal Bureau of Investigation for one hour, that he was interrogated by Mr. William P. Layne, a state parole officer. Petitioner recites that on September 6, 1966, he was brought before the Court where a plea of not guilty was entered and counsel was appointed. He claims that on September 28, 1966, he was transported from Grand Rapids, Michigan to Marquette, Michigan, in the Northern Division of this Court, to await trial. He claims that he had his first interview with his court appointed counsel on September 29, 1966. He recites that his attorney, Mr. Edmund J. Thomas, informed him that he had just received notice of his appointment to represent the petitioner. He makes numerout allegations relative to information given to him by Attorney Thomas, including a statement, "Attorney Thomas then informed petitioner that for his guilty plea he could guarantee him no more than a ten year sentence, his reason being that he had been a prosecutor in that area for nine years and he had a great deal of pull with the courts. To further assure petitioner of the ten year sentence Attorney Thomas requested the sum of $2,000 for this service." He makes further reference to money having been paid to Attorney Thomas.

At the time of the hearing a number of witnesses were called to the witness stand, including Edmund J. Thomas; agents of the Federal Bureau of Investigation from Portland, Oregon, Grand Rapids, Michigan, and Marquette, Michigan; Mr. Harold D. Beaton, United States Attorney, who was placed on the witness stand at the request of the petitioner and examined by the petitioner, and Mr. John Beatty, Chief Deputy United States Marshal for the Western District of Michigan. From the evidence it appeared to the satisfaction of the

Court and beyond a shadow of a doubt that the allegations made by the petitioner were completely untrue and were pure fabrication created by the petitioner out of his own mind.

█ As to the allegation in regard to an interrogation by the United States Attorney it appeared to the satisfaction of the Court that Mr. Beaton was in the office of the United States Marshal at the time that the petitioner was brought in, that he informed him of his right to remain silent and his right to counsel, and did not interrogate him in any manner with regard to the offense charged.

██ With regard to the allegations relative to Mr. Thomas the evidence showed that Mr. Thomas devoted many hours to the investigation and preparation of the defense of the petitioner, that he never at any time made any reference to any ability on his part to influence the length of the sentence to be imposed by this Court, that he did not ask for nor did he receive any money from the petitioner, that he at all times informed the petitioner that he was ready and willing to go to trial on this case and that he would devote his best efforts to the defense of the petitioner. The evidence showed beyond a shadow of a doubt that Mr. Edmund J. Thomas conducted himself in the best manner contemplated by the Canons of Ethics, and the record should also show that the Court's knowledge of Mr. Thomas demonstrates beyond any doubt that Mr. Thomas is a capable, reasonable attorney who at all times behaves in an ethical manner, that he has an enviable reputation as an attorney at law, and that he always put forth his best efforts in the interest of his client whether that client is paying him or not. The record showed that Mr. Thomas has never presented a voucher to this or any other court in any criminal case in which he has been appointed to represent a defendant for the reason that he feels that it is a professional obligation to accept such cases without reimbursement. The record further shows that the appointment of counsel was made on the 6th day of September, 1966, and that copies of the order of appointment, confirming prior telephone conversations, were mailed to each of the counsel appointed to represent the defendants in the criminal case on September 6, 1966.

█ The evidence further showed that the petitioner was fully advised at the time of his arrest in Portland, Oregon, of his right to remain silent, of his right to counsel, of his right to have counsel appointed, that the petitioner indicated a complete and full understanding of these rights and a willingness to answer questions after he heard the questions. That he then informed Special Agent Ralph P. Himmelsbach that he, his brother Roy, and the defendant Ross, planned the bank robbery and that the petitioner and Ross entered and robbed the bank. This Court is satisfied from the record in the case that the admissions made by the petitioner were made with full knowledge of his constitutional rights and were made voluntarily and without duress. Agent Himmelsbach testified on October 12, 1968, at the time of the hearing of the petition and was examined by the petitioner.

█ The record further shows that the petitioner was not transferred from Grand Rapids, Michigan to Marquette on September 28, as alleged in his petition, but in reality that he was taken to Marquette on September 12, 1966, and was held in the Marquette County Jail from that date forward and was at all times available to his appointed counsel, and that his appointed counsel saw him on several occasions between September 12, 1966 and October 1, 1966. The record shows that the petitioner was not interrogated by Agents of the Federal Bureau of Investigation in regard to the crime charged after he was brought to Grand Rapids. The record further shows to the satisfaction of this Court that never at any time did any of the persons named or involved make any promises of a maximum sentence of 10 years on a plea of guilty, that in fact there never was any discussion in regard to sentence except that the petitioner was informed

that the sentence would be a matter in the discretion of the sentencing court free from any recommendations of any prosecuting officials of any kind.

There is an allegation in the petition stating that the guns in question, used at the time of the robbery, were not loaded. A reading of the indictment will demonstrate that this is a matter of no consequence whatever.

The transcript of the proceedings at the time of arraignment show the following as having taken place on October 1, 1966. The petitioner was present with his attorney, Mr. Edmund J. Thomas; the indictment was read by the United States Attorney; the petitioner indicated a desire to plead guilty; he was informed by the Court of his right to jury trial; he was informed that he was presumed to be innocent until proof was offered to establish his guilt beyond every reasonable doubt to the satisfaction of each of the members of a jury of 12 persons. He was informed that the case was scheduled for jury trial three days later on on the 4th of October. He stated that no promises had been made to him of leniency or any other such consideration.

There was a long discussion between the defendant and the Court as to the circumstances of the robbery and the part played by the petitioner in the robbery. There was a discussion as to his prior record of criminal offenses and as to other sentences which had been imposed. There was a discussion in regard to the amount of money which had been obtained in the robbery. The Court informed the defendant

"THE COURT: You realize that the offense with which you are charged carries a maximum penalty of 25 years?

Defendant,
CLARENCE WALDO: Yes, sir, I do.

THE COURT: You understand that you will get all of, or the better portion of that in the matter of a sentence?

Defendant,
CLARENCE WALDO: Yes, sir.

THE COURT: You still want to plead guilty?

Defendant,
CLARENCE WALDO: Yes, sir."

Thereafter there was a colloquy between the Court and appointed counsel. The plea of guilty was accepted and entered and the petition was remanded to the custody of the Marshal pending the imposition of sentence.

At the time the petitioner was sentenced he was offered an opportunity to make any statements he desired to make and he made no reference or suggestion that any promises of leniency or short sentence had been made to him.

This Court is satisfied from the entire record that the allegations made by the petitioner are figments of his imagination, that his Constitutional Rights, and his rights under the Statutes of the United States, and the Rules of Criminal Procedure, 18 U.S.C., were observed and protected at all times, that the 20 year sentence imposed was a completely valid sentence, that any appeal from the ruling of the Court contained in the order entered on October 12, 1968,

would be frivolous and completely without merit.

For the above stated reasons the application for leave to appeal in forma pauperis is denied. The application for a transcript of the proceedings is denied. Ketcherside v. United States, 6 Cir., 317 F.2d 807.