Carroll Lee SMITH, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 9981.

United States Court of Appeals
Tenth Circuit.

May 20, 1969.

Certiorari Denied Nov. 17, 1969.
See 90 S.Ct. 273.

Clayton W. Bell, Boulder, Colo., for appellant.

John W. Raley, Jr., Asst. U. S. Atty. (B. Andrew Potter, U. S. Atty., was with him on the brief), for appellee.

Before WARREN L. JONES,* BREITENSTEIN, and HOLLOWAY, Circuit Judges.

BREITENSTEIN, Circuit Judge.

This is an appeal from the denial, without an evidentiary hearing, of appellant's application for relief under 28 U.S.C. § 2255. A two-count indictment charged appellant with assault on an agent of the Federal Bureau of Investigation in violation of 18 U.S.C. § 111 and with destruction of government property valued at more than $100 in violation of 18 U.S.C. § 1361. A jury found him guilty on each count, and on

* Of the Fifth Circuit, sitting by designation.

March 17, 1966, he was sentenced to three-year concurrent terms.

■ The first claim is that the court improperly denied a motion for continuance of the trial. At his arraignment on January 14, 1966, appellant appeared with retained counsel and pleaded not guilty. The court announced that the trial would be held during the next jury term and no objection was made thereto. On February 28, appellant appeared in court and said that he was discharging his counsel and would obtain new counsel. The court told him that he should get new counsel immediately because the case was going to trial. On March 1, the court set the case for trial on March 9 and instructed the United States Attorney to advise the lawyer whom appellant had indicated he would employ. On March 9, the appellant appeared in court without a lawyer and asked that counsel be appointed. The court said that in anticipation of such a request he had asked attorney Mills to discuss the case with appellant and to be in court. Mills said that he had discussed the case with appellant and would undertake the appointment. When the case came on for trial on March 14, Mills announced that the defense was ready and then filed a motion for continuance on the ground of inadequate time to prepare and inability to secure a witness. The showing was insufficient under our decision in Leino v. United States, 10 Cir., 338 F.2d 154, 156. The trial court did not abuse its discretion in denying the continuance. See Smith v. United States, 10 Cir., 273 F.2d 462, 466, cert. denied 363 U.S. 846, 80 S.Ct. 1619, 4 L.Ed.2d 1729, and Brooks v. United States, 10 Cir., 330 F. 2d 757, 758, cert. denied 379 U.S. 852, 85 S.Ct. 100, 13 L.Ed.2d 56.

■ Appellant says that he was denied a direct appeal from his conviction. He was sentenced on March 17, 1966, with the sentence to begin at the expiration of a state sentence. Two days later he was turned over to the state authorities as an escapee. He was kept in solitary confinement for six months. On October 2, 1967, over a year later, he filed a "Motion for Appeal" wherein he alleges that on the day of sentence he gave an oral notice of appeal. The transcript of the sentencing proceedings shows no such oral notice. No claim is made of lack of knowledge of right to appeal. No showing is made to satisfy the "plain error test" which justifies consideration of a notice of appeal which is filed out of time. See Fennell v. United States, 10 Cir., 339 F.2d 920, 923, cert. denied 382 U.S. 852, 86 S.Ct. 100, 15 L.Ed.2d 90. The claimed error is the denial of the continuance and we hold that there was no abuse of discretion in that regard.

■ The appellant made two requests for a free trial transcript. One was made five months before the § 2255 motion was filed and the other more than four weeks after the motion was denied. When the case came to this court, we ordered and received copies of the portions of the transcript which we deemed pertinent. In the circumstances, the denial of the transcripts was not error. See Prince v. United States, 10 Cir., 312 F. 2d 252, 253.

■■ Appellant filed a motion under Rule 35, F.R.Crim.P., asking that he be given credit for time spent in pre-sentence confinement. It was denied and no appeal was taken. On this appeal from the denial of the § 2255 motion the point is raised, but it was not raised in the § 2255 proceedings before the district court. Accordingly, the point is not properly before us for review. Tyler v. United States, 10 Cir., 361 F.2d 862, 864. In any event, the point is of no avail. Sentence was passed before the 1966 amendment to 18 U.S.C. § 3568. The pertinent statutes do not provide for a mandatory minimum sentence. The court imposed identical concurrent terms which were well within the statutory maximums. The denial by the trial court of credit for pre-sentence confinement was within its power.

Affirmed.