Mark R. CORRIGAN, Petitioner–
Appellant,

v.

Maryellen THOMS, Respondent–
Appellee.

No. 02–5664.

United States Court of Appeals,
Sixth Circuit.

Feb. 12, 2003.

Before GILMAN and GIBBONS,
Circuit Judges; and ECONOMUS,

District Judge.*

## ORDER

This is an appeal from a post-judgment motion for reconsideration from a series of motions seeking a transcript of a Fourth Circuit criminal trial at government expense. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P.34(a).

In 2002, federal inmate Mark Corrigan filed a motion purporting to "supplement" an earlier motion that is a part of Corrigan's ongoing quest for federal court assistance in obtaining a transcript of his criminal trial at government expense. The district court denied the motion, and this appeal followed.

The most logical construction of the motion (or motions) underlying the present appeal is a series of post-judgment motions under Fed.R.Civ.P. 60(b)(6) challenging an earlier judgment denying a motion for a free transcript and declining to enter an order pursuant to an *appellate* rule, Fed. R.App. P. 10(c), or pursuant to 28 U.S.C. § 753(f). Insofar as Corrigan's post-judgment motion can be construed as having been filed under Fed.R.Civ.P. 60(b) the decision to deny the motion will be reviewed for an abuse of discretion. *Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433 (6th Cir.1996). An abuse of discretion occurs when the reviewing court is firmly convinced that a mistake has been made. *Romstadt v. Allstate Ins. Co.*, 59 F.3d 608, 615 (6th Cir.1995). An examination of record and law shows that the judgment on appeal was not the product of a mistake.

In 1997, a jury in the Eastern District of North Carolina found Corrigan guilty of money laundering, conspiracy to commit mail fraud, two counts of mail fraud and two counts of making false statements. A panel of the Fourth Circuit Court of Appeals affirmed the conviction and sentence in all respects on direct appeal. *United States v. Corrigan*, No. 98–4075, 2000 WL 991699 (4th Cir. July 19, 2000) (per curiam). Corrigan was incarcerated in Lexington, Kentucky, when he filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 in the Sixth Circuit in 2001. The district court dismissed the petition and Corrigan took an appeal to this court. During the pendency of the appeal, Corrigan filed a motion in the district court purportedly on the authority of Fed. R.App. P. 10(c) (statement of evidence when transcript of proceedings unavailable). Corrigan's motion was, in effect, a request for the district court's "stamp of approval" on a proposed, self-serving narrative of what transpired at Corrigan's criminal trial. The district court denied the motion, citing to its complete lack of authority to "approve" such a narrative under federal *appellate* rules. This court subsequently entered an order dismissing Corrigan's appeal for his failure to pay the filing fee or to file a brief.

Corrigan then filed a series of motions in the district court in an effort to obtain a transcript of his criminal trial free of cost. The district court, in response, filed a series of orders denying the motions. The final exchange was of Corrigan's pleading of April 26, 2002, styled as a "Justification and Legal Precedent," and the corresponding district court order in which the court summarily denied the motion and cau-

---

* The Honorable Peter C. Economus, United States District Judge for the Northern District of Ohio sitting by designation.

tioned Corrigan as to the possibility of sanctions should further repetitive, meritless filings continue. It is from this latter order that the present appeal has been taken.

The appeal is meritless. Corrigan vacillates between asking for a free transcript and asking the district court to certify Corrigan's version of his trial under Fed. R.App. P. 10(c). Corrigan's requests for a free transcript are replete with references to issues decided against him on direct appeal and vague allegations of unconstitutional conduct. To the extent that Corrigan wishes to argue claims that have been raised and rejected, the court did not err. An issue that has been decided on appeal may not thereafter be relitigated in a second proceeding. *Stephan v. United States,* 496 F.2d 527, 528–29 (6th Cir.1974) (per curiam). To the extent Corrigan wishes to mount a "fishing expedition" for errors, the district court was not required to provide Corrigan with transcripts so that he might search for new post-conviction claims. *Bentley v. United States,* 431 F.2d 250, 254 (6th Cir.1970). Finally, federal prisoners are not entitled to obtain a transcript of testimony received on his trial at government expense under 28 U.S.C. § 753(f) for the purpose of preparing a motion to vacate where there was no motion to vacate sentence pending. *Ketcherside v. United States,* 317 F.2d 807, 808 (6th Cir.1963) (per curiam). Thus, the court acted within its discretion by denying Corrigan's motion, as he did not make any showing required by § 753(f) and there is no authority for Appellate Rule 10(c) being used in the district court in the fashion suggested by Corrigan.

---

* The Honorable Peter C. Economus, United States District Judge for the Northern District

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.