[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 5, 2012
JOHN LEY
CLERK

No. 11-15981
Non-Argument Calendar
_____

D.C. Docket No. 5:09-cv-00338-RH-CJK


DARRELL L. JACKSON,

Plaintiff-Appellant,

versus

FLORIDA DEPARTMENT OF FINANCIAL SERVICES,
Official Capacity, et al.,

Defendants,

JOHN DOE,
Officer,
H. FROMM,
Nurse,
NURSE 2,
PAULA FOSKEY,
C. CAIN,
Officer,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(July 5, 2012)

Before HULL, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Plaintiff Darrell Jackson, pro se, appeals the denial of his motion requesting a free copy of his fourth amended complaint. Jackson claims that he needed this document to object to the magistrate judge's report that recommended dismissal of his 42 U.S.C. § 1983 claims. The district court later adopted that report. After review, we affirm.

## I. BACKGROUND

### A. Fourth Amended Complaint

In 2009, Plaintiff Jackson was a Florida prisoner at the Northwest Florida Reception Center ("NWFRC"). In March 2009, Jackson slipped and fell while working in the prison kitchen and was brought by wheelchair to the prison nurses' station complaining of back pain. Nurse H. Fromm concluded that Jackson was faking, and ordered Jackson back to work. Jackson refused, and Defendant-Appellee Nurse Fromm had corrections officers Cutchins and Doe forcibly remove Jackson from the medical facility. Jackson was later disciplined for refusing to

2

work.

On October 7, 2009, Jackson, proceeding in forma pauperis, filed a § 1983 complaint against 21 NWFRC officials and the Florida Department of Financial Services. Jackson's complaint challenged the conditions of his confinement, including prison officials' failure to treat his alleged back injury.

Jackson amended his complaint several times and filed a fourth amended complaint on June 23, 2010. [R. 33] His fourth amended complaint alleged an array of due process and Eighth Amendment violations. Specifically, the fourth amended complaint alleged that (1) Nurse Fromm and others unlawfully disciplined Jackson on June 23, 2009, and as a result, Jackson was unlawfully placed in disciplinary confinement and lost "gain" time; [R. 50 at 5] (2) various prison officials violated Jackson's rights through use of excessive force, deliberate indifference to his medical needs, and other "abuse" during his disciplinary confinement; (3) the medical director of NWFRC was vicariously liable for Nurse Fromm's inadequate medical care of Jackson; (4) corrections officers Cutchins and Doe were deliberately indifferent to Jackson's medical needs, failed to stop Nurse Fromm's alleged denial of medical care to Jackson, and used excessive force against Jackson by dragging him to a cell; (5) corrections officer C. Cain was liable for failing to stop Nurse Fromm's alleged denial of medical care to Jackson and failing to stop Cutchins's and Doe's use of excessive force; (6) Major

3

Willford was liable for failing to stop Cutchins and Doe from dragging Jackson to a cell; and (7) Nurse 2 was liable for failing to stop Nurse Fromm's inadequate medical care and Cutchins's and Doe's use of excessive force.

Pursuant to 28 U.S.C. § 1915(e)(2)(B),[1] the magistrate judge recommended in a February 11, 2011 report and recommendation (the "Report") that the district court dismiss all of Jackson's claims except his claims against Nurse Fromm and an unidentified "Nurse 2."[2]

## B.  Magistrate Judge's 1 March 2011 Order

---

[1] 28 U.S.C. § 1915(e)(2)(B) permits the district court to dismiss the complaint of a plaintiff proceeding in forma pauperis if the complaint "(I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

[2]  The magistrate judge recommended that the district court dismiss some of Jackson's claims with prejudice and some without prejudice.  Specifically, the magistrate judge concluded that (1) habeas corpus was the exclusive remedy for Jackson's claims related to his allegedly unlawful discipline on June 23, 2009; (2) Jackson's allegations of causation related to his various excessive force and "abuse" claims were too attenuated to state plausible § 1983 claims; (3) the medical director of NWFRC could not be held vicariously liable for Nurse H. Fromm's inadequate medical care of Jackson; (4) Jackson failed to state a plausible claim that Cutchins and Doe disregarded a substantial risk of serious harm or inflicted unnecessary and wanton pain by forcibly taking Jackson to a cell; (5) corrections officer Cain had neither the authority nor the medical expertise to stop Nurse Fromm's allegedly unlawful medical evaluation or orders and, given Jackson's failure to state a plausible excessive-force claim against Cutchins and Doe, Jackson could not maintain a claim against Cain for failure to stop Cutchins's and Doe's allegedly excessive use of force; (6) for the same reason, Jackson could not maintain a claim against Willford for failure to stop Cutchins's and Doe's allegedly excessive use of force.  The magistrate judge recommended dismissing all of the above claims with prejudice, except the claim as to Jackson's disciplinary conviction on June 23, 2009, which the magistrate judge recommended dismissing without prejudice.

4

On February 18, 2011, Jackson moved for (1) a 30-day extension of time to file objections to the Report and (2) a free copy of his fourth amended complaint. Jackson's motion alleged that his fourth amended complaint was not included in the personal property prison officials returned to him after he was transferred between facilities, and that without a copy of that document, he would "be prejudiced and handicap[p]ed while trying to write up an objection [to the Report] and subsequent papers." [R. 51 at 2]. Jackson's motion did not explain how he would be "prejudiced and handicapped" by his not having a free copy of his fourth amended complaint. Indeed, Jackson's motion did not articulate any grounds for objecting to the Report, much less grounds that relied on the contents of the fourth amended complaint.

In a March 1, 2011 order, the magistrate judge (1) granted Jackson's motion for a 30-day extension of time to file objections to the Report[3] and (2) denied Jackson's motion for a free copy of his fourth amended complaint. The magistrate judge's order explained that "[t]he court cannot make copies for [Jackson], until he submits payment in the amount of $0.50 per page, prepaid, to the Clerk of Court. The cost of copying [Jackson's] 22-page Fourth Amended Complaint is $11.00." [R. 52]. Jackson never paid this fee.

---

[3] The magistrate judge's order granting Jackson's motion for an extension of time did not specify the date by which Jackson was to file his objections to the Report.

## C. Jackson's 11 March 2011 Objection

On March 11, 2011, Jackson filed an "objection" to the magistrate judge's March 1, 2001 order. In that "objection," Jackson requested that the district court "overrule the decision of the Magistrate concerning the 3-1-11 order" and provide Jackson a free copy of his fourth amended complaint. [R. 54].

In the objection, Jackson again explained that, upon his transfer between facilities, "he noticed that some of his legal documents were missing including his fourth amended complaint." [R. 54]. Jackson claimed that the missing legal materials were "intentionally taken in an attempt to stop this litigation" and that he needed the complaint "in order to file an objection to the Magistrate's order and report and recommendation filed on 2-11-11." [R. 54]. As with Jackson's February 18, 2011 motion, Jackson's objection to the magistrate judge's order did not challenge any aspect of the Report itself, nor did it explain why Jackson required a copy of the fourth amended complaint to object to the Report.

## D. District Court's 24 March 2011 Order

On March 24, 2011, the district court adopted the Report and dismissed Jackson's claims, except for Jackson's claims against Nurse Fromm and "Nurse 2." [R. 55 at 2]. In its order, the district court stated that it had "reviewed de novo the issues raised by the objections. The objections assert that following a recent transfer, the plaintiff has not received copies of his legal materials, including the

6

fourth amended complaint." [R. 55 at 1]. The district court then observed that Jackson "does not assert that he lacks a copy of [the Report], and he has not shown any actual inability to assert any appropriate objections to it. The plaintiff has had adequate time to do so." [R. 55 at 1].

On April 4, 2011, Jackson moved for reconsideration of the district court's March 24, 2011 order adopting the Report. In the motion for reconsideration, Jackson requested that the district court "make an independent ruling on w[h]ether to provide [him] with a copy of his fourth amended complaint, which was the basis of his objection" and allow Jackson "time after which to file an objection" to the Report. [R. 57 at 1]. The district court denied Jackson's motion, explaining that

> two months after entry of the report and recommendation, [Jackson] still has failed to assert any basis for disagreeing with the conclusion that these claims should be dismissed. He just asserts he needs more time. He does not. If there was a basis for objecting to the report and recommendation, [Jackson] could have asserted it by now . . . .

[R. 58 at 1-2]. Thereafter, the magistrate judge directed Jackson to file a fifth amended complaint to proceed on his claims against Nurse Fromm and Nurse 2.

## E. Jackson's Fifth Amended Complaint

On April 25, 2011, Jackson filed a fifth amended complaint using a court-issued civil rights complaint form. The district court then dismissed without prejudice Jackson's fifth amended complaint because Jackson's failure to disclose

7

prior related lawsuits, as directed by the form, constituted an abuse of the judicial process and was malicious. Jackson appealed from the subsequent final judgment.[4]

## II. DISCUSSION

On appeal, Jackson still does not challenge any aspect of the Report, nor does he claim that the district court's dismissal of his claims was otherwise erroneous. Instead, Jackson raises two procedural claims. First, Jackson argues that the magistrate judge erred by denying Jackson's motion for a free copy of his fourth amended complaint. Next, Jackson argues that the district court erred by failing to rule on Jackson's objection to the magistrate judge's denial of Jackson's motion before adopting the Report and dismissing Jackson's claims. Neither of these arguments has merit.[5]

## A. Motion for a Copy of Jackson's Fourth Amended Complaint

First, Jackson was not entitled to a free copy of his fourth amended complaint. This Court has never held that a prisoner's right of access to the courts entitles a prisoner-plaintiff, even one proceeding in forma pauperis, to free copies of court documents, including his own pleadings. See Harless v. United States,

---

[4] Jackson's Notice of Appeal does not identify any specific order from which he appeals.

[5] We review de novo the dismissal of a prisoner's in forma pauperis action that fails to state a claim upon which relief may be granted. Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

8

329 F.2d 397, 398–99 (5th Cir. 1964) ("The statutory right to proceed in forma pauperis does not include the right to obtain copies of court orders, indictments, and transcript of record, without payment therefor, for use in proposed or prospective litigation.").[6] We are especially loath to recognize such a right in a case where the prisoner-plaintiff has failed throughout the litigation to articulate any reason why the requested court document is necessary to the prosecution of his claim.

Indeed, Jackson has never explained—either in his motion for a free copy of his complaint, his objection to the magistrate judge's denial of that motion, his motion for reconsideration of the district court's order adopting the Report, or in his briefs on appeal—why a copy of his fourth amended complaint was necessary to object to the Report. Jackson does not point to any specific conclusion in the Report that required a free copy of the fourth amended complaint to address. And Jackson does not allege, much less show, that he did not have a copy of the Report or copies of his earlier filed complaints to aid in formulating any objections. Accordingly, we cannot say the magistrate judge or the district court erred by failing to provide Jackson a copy of his fourth amended complaint.

## B. District Court's Dismissal of Jackson's Claims

---

[6] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

9

We also reject Jackson's claim that the district court erred by adopting the Report and dismissing his claims without first responding to his objection to the magistrate judge's denial of his motion for a free copy of his fourth amended complaint. As noted above, the district court's March 24, 2011 order, which dismissed his complaint, first discussed why Jackson's objections lacked merit, and then adopted the Report and dismissed the complaint. So this is not a case where the district court wholly ignored filed objections.

Importantly, too, more than three weeks elapsed between the magistrate judge's March 1, 2011 order denying Jackson's motion for a copy of his fourth amended complaint and the district court's March 24, 2011 order adopting the Report. During this time, Jackson was on notice that he would not receive a free copy of his fourth amended complaint.[7] Yet, during this time, Jackson failed to pay for a copy of that document, failed to file any objections to the Report and failed to articulate any reason why he could not file objections to the Report without a free copy of his fourth amended complaint.

In any event, Jackson cannot show that he was prejudiced by the district

---

[7] In any event, magistrate judges have statutory authority to issue orders on non-dispositive pretrial motions. See 28 U.S.C. § 636(b)(1)(A) ("[A] [district court] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except [certain dispositive motions]."). The district court need not have considered or addressed Jackson's objection to the magistrate judge's March 1, 2011 order for that order to have legal effect.

court's failure to consider his objection to the magistrate judge's denial of his motion before dismissing his claims. As we noted above, Jackson has never claimed that the district court erroneously dismissed any of the claims pleaded in his fourth amended complaint. Indeed, in the 16 months since the magistrate judge issued the Report, Jackson has not asserted a single objection to the merits of the Report. Jackson has thus abandoned any argument that the district court unlawfully dismissed the claims in his fourth amended complaint. Bingham v. Thomas, 654 F.3d 1171, 1174 n.1 (11th Cir. 2011) (explaining that pro se plaintiff abandoned arguments by failing to raise them on appeal). Absent any claim that the district court erred by dismissing his claims, Jackson cannot show that he was prejudiced by the district court's adoption of the Report.

Regardless, the record shows that the district court properly dismissed the claims in Jackson's fourth amended complaint. The well-reasoned and thorough Report, which the district court adopted after a de novo review, convincingly shows that Jackson failed to state claims on which relief could be granted on all but two of his claims, and we find no grounds for disagreement. Accordingly, Jackson cannot show he was prejudiced by the magistrate judge's or the district court's denial of his request for a free copy of his fourth amended complaint.

### III. CONCLUSION

For the foregoing reasons, we affirm.

**AFFIRMED.**