**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 13, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GLENN E. DUGGINS,

Defendant - Appellant.

No. 12-2072
(D.C. Nos. 1:12-CV-00347-JEC-SMV
and 2:99-CR-00777-JEC-2)
(D.N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

---

Glenn E. Duggins, an inmate appearing proceeding pro se, appeals from the district court's dismissal of his petition for a writ of habeas corpus ad subjiciendum. In 2001, Mr. Duggins pled guilty to conspiracy to possess with intent to distribute more than one thousand kilograms of marijuana. 21 U.S.C. §§ 841(a)(1); (b)(1)(A)(vii); 846. He was sentenced to 20 years imprisonment

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

and ten years supervised release.  He did not file a direct appeal.  He then filed a 28 U.S.C. § 2255 motion which was denied on the merits by the district court which adopted the report and recommendation of the magistrate judge.  See Duggins v. United States, No. 2:99-cr-00777-JEC, ECF Nos. 408 & 409 (D.N.M. Dec. 16, 2002).  We denied a certificate of appealability because Mr. Duggins had not objected to the proposed findings and recommended dispostion.  United States v. Duggins, No. 02-2336 (10th Cir. Aug. 12, 2003).  Mr. Duggins also has filed two mandamus proceedings seeking other relief.  See In re: Glenn E. Duggins, No. 10-2074 (10th Cir. June 23, 2010) (dismissed for lack of prosecution); In re: Duggins, 10-2166 (10th Cir. Aug. 2, 2010) (dismissed in part and denied in part).

Mr. Duggins claims that the district court erred in imposing consecutive sentences on his drug conviction. R. 11-12.  The district court recognized that this claim could only be pursued as an out-of-time, second or successive § 2255 motion, and concluded that Mr. Duggins had not demonstrated that § 2255 was inadequate or ineffective, let alone sought authorization from the court of appeals. 28 U.S.C. § 2255(h); Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1999). Accordingly, the district court declined to recharacterize the petition as a § 2255 motion.  The district court also determined that if construed as a § 2241 petition, it was filed in the wrong court.  See Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996) (explaining that a § 2241 petition challenges the execution of a sentence and must be filed in the district of confinement).  We agree with the

district court's analysis.

AFFIRMED.  We DENY the motion to proceed in forma pauperis.  All pending motions and other requests for relief are denied.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge