FILED
United States Court of Appeals
Tenth Circuit

**March 12, 2014**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

GLENN E. DUGGINS,

  Defendant - Appellant.

No. 13-2174
(D.C. No. 99-CR-00777-MV-2)
(D.N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.[**]

---

Glenn E. Duggins, an inmate proceeding pro se, appeals the district court's

denial of his (1) petition for writ of mandamus compelling his former attorney to

provide him with a copy of his sentencing transcript, and (2) motion for default

judgment due to his attorney's failure to respond. The district court determined

that Mr. Duggins' transcript request failed to demonstrate a particular need and

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

that default judgment was inappropriate because counsel was under no obligation to respond, the representation having been terminated on October 29, 2001. United States v. Duggins, No. 2:99-CR-00777-MV, ECF No. 550 (D.N.M. Aug. 2, 2013). On appeal, Mr. Duggins reasserts that the transcript is necessary to challenge his sentence,[1] Pet. 2-3, and that default judgment is appropriate because his former attorney did not respond. United States v. Duggins, No. 13-2174 (10th Cir. Jan. 6, 2014).

The district court did not abuse its discretion in denying the petition for a writ of mandamus under 28 U.S.C. § 1361. See Marquez-Ramos v. Reno, 69 F.3d 477, 479 (10th Cir. 1995) (standard of review). While a court may order transcripts prepared at public expense in aid of an action, 28 U.S.C. § 1915(c), Mr. Duggins cannot point to any clear authority requiring an officer or employee of the United States to provide him a transcript to pursue post-conviction remedies in these circumstances. Prince v. United States, 312 F.2d 252, 253 (10th Cir. 1962). Although Mr. Duggins stresses that his petition is directed at his former attorney and not the government, the entities are one and the same for purposes of taxpayers' expense; Mr. Duggins' former attorney was appointed by

[1] In 2001, Mr. Duggins pleaded guilty to conspiracy to possess with the intent to distribute more than one thousand kilograms of marijuana, contrary to 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vii), and 846, and was sentenced to 20 years' imprisonment and ten years' supervised release, which he did not directly appeal. United States v. Duggins, 478 F. App'x. 532, 532 (10th Cir. 2012) (discussing Mr. Duggins' prior unsuccessful appeals).

- 2 -

the court, as the district court recognized.[2]  <u>Duggins</u>, No. 2:99-CR-00777-MV, ECF No. 550.   As to the motion for default judgment, the district court properly denied it because former counsel was under no obligation to respond.

AFFIRMED.  The motion for leave to proceed without prepayment of costs or fees is DENIED as are all other pending motions.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

---

[2] Mr. Duggins also recognizes this point when he argues in his petition that his former attorney was paid by taxpayers.  <u>See</u> Pet. 4.